Glenn ESKOLA *v.* LITTLE ROCK SCHOOL DISTRICT
and Municipal League Workers' Compensation Trust

CA 05-434                                                  218 S.W.3d 372

Court of Appeals of Arkansas
Opinion delivered November 30, 2005

*Gary Davis*, for appellant.

*J. Chris Bradley*, for appellees.

DAVID M. GLOVER, Judge. Appellant, Glenn Eskola, appeals the Workers' Compensation Commission's denial of his request for additional benefits on the basis that his claim was barred by the statute of limitations. We affirm the Commission's decision finding that appellant's claim is barred by the statute of limitations.

The facts are not in dispute. Appellant, a former math teacher and football coach at J.A. Fair High School, sustained a compensable injury to his right shoulder on September 15, 1998, during football practice. Appellant saw the team doctor, Dr. Richard Nix, who treated appellant with muscle relaxers, cortisone injections, and physical therapy. In June of 1999, appellant's shoulder was still symptomatic, and he completed and filed the AR-C form for a workers' compensation claim on June 17, 1999. When he completed that form, appellant checked both the "initial benefits" box and the "additional benefits" box.

At the time he completed the AR-C form, appellant had not received any workers' compensation benefits.

Reviewing his AR-C form, appellees accepted the claim as compensable, and appellant was treated at that time by Dr. Reed Kilgore, who ultimately recommended surgery on his shoulder. Appellant, who had retired by this time, did not have the surgery performed at that time because of various demands on his time, including volunteering and assisting his nephew in constructing his house. Later, in May 2003, when appellant contacted the workers' compensation carrier about the surgery, he was informed that the statute of limitations had run on the claim. Appellant elected to have the surgery performed on June 13, 2003.

The administrative law judge found that appellant's claim was barred by the statute of limitations, and the Commission affirmed the ALJ's opinion. Appellant now appeals, arguing that the statute of limitations "is tolled when a benefit claim has been filed before the expiration of two years from the date of an injury and remains tolled unless a dismissal is obtained."

Arkansas Code Annotated section 11-9-702(a)(1) (Repl. 2002) provides the time limitations for filing an *initial claim* for workers' compensation:

A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Workers' Compensation Commis-

sion within two (2) years from the date of the compensable injury. If, during the two-year period following the filing of the claim, the claimant receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter.

Subsection (a)(4) provides, "If, within six (6) months after the filing of a claim for compensation, no bona fide request for a hearing has been made with respect to the claim, the claim may, upon motion and after hearing, be dismissed without prejudice to the refiling of the claim within limitation periods specified in subdivisions (a)(1)-(3) of this section."

Arkansas Code Annotated section 11-9-702(b)(1) (Repl. 2002) sets forth the time limitations for filing *claims for additional compensation*:

In cases where any compensation, including disability or medical, has been paid on account of an injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Subsection 11-9-702(d) provides, "If, within six (6) months after the filing of a claim for additional compensation, no bona fide request for a hearing has been made with respect to the claim, the claim may, upon motion and after hearing, be dismissed without prejudice to the refiling of the claim within limitation periods specified in subsection (b) of this section."

There is no question that appellant filed for initial benefits within two years of his injury, and appellees began paying for his medical treatment through workers' compensation after he filed his AR-C form on June 17, 1999. According to appellant, prior to filing the AR-C form, he filed his medical claims with his health insurance, and no workers' compensation benefits were paid prior to June 17, 1999. It is also undisputed that appellees last paid compensation on May 8, 2000, and that appellant did not inquire about payment for his shoulder surgery until May 2003.

Appellant argues that *Spencer v. Stone Container*, 72 Ark. App. 450, 38 S.W.3d 909 (2001), is applicable in this case. However, in that case, the appellant made a timely request for additional

compensation that was never acted upon, which effectively tolled the statute of limitations with regard to that claim. In the present case, appellant filed one claim and simultaneously checked both the *initial benefits* box *and* the *additional benefits* box. A claim request cannot be considered to be both an initial request for compensation and an additional request for benefits at the same time — an initial request must be paid before an additional request can be made. It is undisputed that no workers' compensation benefits had been paid prior to appellant filing his claim form in June 1999; therefore, the June 1999 claim was a request for *initial* benefits. Appellant then requested surgical benefits in May 2003, which, because compensation had previously been paid, was a request for *additional* benefits.

Appellant argues that his surgical request is a continuation of initial benefits and that the statute of limitations was tolled because appellees never asked the Commission to dismiss his claim, even though appellees voluntarily accepted the claim as compensable and the Commission was never involved in the case until appellant inquired about surgery in May 2003. Appellant makes much of the fact that appellees never moved to dismiss the claim, but as appellees correctly point out, they would not have asked for the claim to be dismissed because they accepted it as an *initial* request for benefits for a compensable injury. Furthermore, the statutes do not absolutely require that the claim be dismissed; they merely state that the claim *may* be dismissed upon motion from either party and notice to all parties.

In *Petit Jean Air Service v. Wilson,* 251 Ark. 871, 475 S.W.2d 531 (1972), Associate Justice George Rose Smith, speaking for our supreme court, rejected the appellee's argument that the claims were never finally disposed of because the doctors did not make final determinations of the extent of disability, therefore tolling the statute of limitations. The supreme court held:

> It is true that claims had been filed with the commission, but such filing is by no means comparable to the lodging of a formal complaint in a court of law. Court cases, almost without exception, are contested; and even those that are allowed to go by default are eventually terminated by an affirmative order of court. By contrast, hardly one compensation case in fifty is controverted. Uncontroverted claims, such as this one, make up the vast majority of all claims that are filed. Such claims are not ordinarily brought to the attention of the commission nor acted upon by it in any way

whatever. The insurance carrier pays the claim to the satisfaction of all concerned, and that is the end of the matter.

251 Ark. at 874, 475 S.W.2d at 534. The supreme court further held, "It is plainly the better rule to put upon the claimant the burden of filing his claim for *additional compensation* within the time allowed by the statute. In our opinion, that view of the matter gives effect both to the letter and to the spirit of the law." 251 Ark. at 875, 475 S.W.2d at 534. (Emphasis added.)

■ In this case, appellant suffered a compensable injury on September 15, 1998; he filed one request for compensation, the *initial* request, on June 17, 1999; and his last benefits paid were on May 8, 2000. Two years from the date of injury would have been September 15, 2000. One year from the last payment of benefits would have been May 8, 2001; this would be the applicable limitations period because it is greater than two years from the date of the compensable injury. Appellant did not request his shoulder surgery until May 2003, which was clearly more than one year after the last payment of benefits. Therefore, the statute of limitations had run on appellant's claim, and the Commission's decision denying the claim for additional benefits was correct.

Affirmed.

GRIFFEN, VAUGHT and ROAF, JJ., agree.

HART and CRABTREE, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. The majority holds that appellant's claim for medical benefits related to his shoulder surgery was untimely because, as provided in Ark. Code Ann. § 11-9-702(b)(1) (Repl. 2002), he failed to file a claim for *additional* compensation either within one year from the last payment of compensation on May 8, 2000, or within two years from his September 15, 1998, injury. The majority's reliance on this statute is misplaced, however, as the shoulder surgery was part of his *initial* claim for compensation. Appellant's claim was timely because, as provided in Ark. Code Ann. § 11-9-702(a)(1), appellant filed his initial compensation claim on June 17, 1999, within two years from the date of his September 15, 1998, injury.

Following his injury and his filing of his initial claim for compensation, appellant was seen by Dr. Reed Kilgore, who noted on December 27, 1999, that appellant would undergo

diagnostic tests to determine whether he needed either "open rotator cuff surgery" or "arthroscopic subacromial decompression with possible distal clavicle resection." Dr. Kilgore noted on March 8, 2000, that if appellant had "multiple recurrences" of pain, he would "probably require distal clavicle resection." On May 8, 2000, Dr. Kilgore wrote that appellant understood that he might need "AC resection arthroplasty for complete and permanent relief of his symptoms" and that if he had "worsening," he would "require arthroscopy and AC distal clavicle resection, which he can schedule if he wishes." According to appellant, he continued to have problems with his shoulder. On June 13, 2003, Dr. John Yocum performed an "[a]rthroscopy of the right shoulder with arthroscopic repair of SLAP lesion and arthroscopic Bankart repair with debridement of labral tear."

The majority does not dispute that appellant filed a timely initial claim for compensation. Further, the medical records noted above established that, within months after appellant filed his claim, he was considered a candidate for surgery. Thus, I would conclude that appellant's initial claim for compensation remained open, as surgery was not performed even though he was a candidate for surgery. In the case relied on by the majority, *Petit Jean Air Service v. Wilson*, 251 Ark. 871, 475 S.W.2d 531 (1972), a claim for additional compensation was held to be untimely where, following the filing of his initial claims for compensation, the claimant received final lump-sum settlement and was seen for the last time by every examining physician, and the claimant then filed his claim for additional compensation after the time for filing such a claim had run. Certainly, the claimant's initial claim for compensation ended after he received his settlement and was seen for the last time by his physicians, and thereafter, the claimant would have to file a timely claim for additional compensation. In the case at bar, however, there was no lump-sum settlement, and appellant's physician had not released him. Rather, appellant's initial claim for compensation remained open because appellees knew that appellant was a surgical candidate and because appellees had not sought dismissal of the claim as permitted by Ark. Code Ann. § 11-9-702(a)(4) and by W.C.C. Rule 13 (Mar. 1982). *See Johnson v. Triple T Foods*, 55 Ark. App. 83, 929 S.W.2d 730 (1996). Consequently, I would reverse and remand for consideration of the merits of appellant's claim.

I respectfully dissent.

CRABTREE, J., joins.