Brenda VANWAGNER *v.* WAL-MART STORES, INC.
and Claims Management, Inc.

CA 05-1210                                    234 S.W.3d 893

Court of Appeals of Arkansas
Opinion delivered May 3, 2006

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellant.

*Bassett Law Firm, LLP*, by: *Curtis L. Nebben*, for appellee
Wal-Mart Stores, Inc.

ANDREE LAYTON ROAF, Judge. Appellant Brenda Van-
Wagner appeals from the Arkansas Workers' Compensa-
tion Commission's holding that her claim for additional permanent
partial disability benefits is barred by the statute of limitations. Van-
Wagner argues that the Commission erred when it found that her
claim was time barred, asserting that the timely filing of her claim for
additional benefits had tolled the statute of limitations. We reverse the
Commission's decision and remand for a determination of VanWag-
ner's entitlement to permanent partial disability benefits.

The facts of this case are not controverted. While working
for appellee Wal-Mart, VanWagner injured her right shoulder on
November 17, 1994, which eventually required surgical interven-
tion. Wal-Mart began paying benefits on December 12, 1994.
Wal-Mart last paid benefits to VanWagner in December 1994. On
January 12, 1995, VanWagner filed a Commission Form AR-C
requesting additional benefits. She requested additional temporary
total disability benefits, additional permanent partial disability

benefits, additional medical expenses, and attorney's fees. At the hearing, both parties had agreed to litigate only the temporary total disability benefits claim, the issue of related medical expenses, the determination of whether VanWagner remained in her healing period, and the issue of attorney's fees. On August 19, 1996, the Commission affirmed the administrative law judge's opinion finding that VanWagner was still in her healing period but denying VanWagner's petition for additional temporary total disability benefits based upon Wal-Mart's defense of the refusal of suitable work.

On November 6, 2000, VanWagner filed a request for additional benefits. VanWagner requested a hearing on the issue of her entitlement to additional permanent partial disability benefits relating to a ten percent permanent partial impairment rating issued by the company physician. Wal-Mart defended the claim by raising the statute of limitations. The ALJ found that VanWagner's claim for additional benefits in January 1995 operated to toll the statute of limitations. The ALJ ruled that VanWagner's claim was not time barred and awarded permanent partial disability benefits and attorney fees. The Commission reversed the ALJ's decision and held that the statute of limitations did bar VanWagner's claim.

On appeal, VanWagner argues that the Commission erred in holding that her claim was time barred. When reviewing decisions from the Commission, this court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. *Dillard v. Benton Co. Sheriff's Office*, 87 Ark. App. 379, 192 S.W.3d 287 (2004). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

This court must first consider the allowable time for filing a claim for benefits as set out in Ark. Code Ann. § 11-9-702 (Repl. 2002). This statute sets out two types of claims. Subsection (a) covers an initial claim, which must be filed within two years of the date of injury. Ark. Code Ann. § 11-9-702(a)(1). The second type of claim is a claim for additional benefits and is set out in subsection (b) of the statute. In cases where any compensation has been paid, the claim for additional compensation, including disability or medical, will be barred unless filed within one year from the date of the last payment of compensation or two years from the date of the injury, whichever is greater. Ark. Code Ann. § 11-9-702(b)(1). When a claimant files a timely request for additional

benefits, the statute of limitations is tolled. *Eskola v. Little Rock Sch. Dist.*, 93 Ark. App. 250, 218 S.W.3d 372 (2005); *Dillard, supra*; *Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 309 (2001); *Bledsoe v. Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984).

There is no question that VanWagner filed her 1995 request for additional benefits within two years of her injury, thus tolling the statute of limitations. The issue here is whether the 1995 hearing disposed of the claims and lifted the toll. The Commission held that it did, but we disagree. The Commission's opinion reads in pertinent part:

> Although [VanWagner] initially filed a claim for additional benefits on December 19, 1994, well within the statute of limitations period, and which tolled the statute of limitations, *this claim for additional benefits was litigated* on August 23, 1995, and disposed of via the Full Commission opinion filed August 19, 1996, thus lifting the toll. [VanWagner] did not file a subsequent request for additional benefits until November 3, 2000, well beyond the statute of limitations. [Emphasis added.]

A hearing was held in 1995; however, it adjudicated only the issues of temporary total disability benefits, end of healing period, and medical and attorney fees. The statute of limitatons was tolled when VanWagner filed her 1995 claim for benefits, but Wal-Mart asserts and the Commission found that the 1995 hearing lifted the toll on the statute of limitations in all respects, barring VanWagner's subsequent 2000 request for permanent partial disability benefits. The parties agreed, however, not to litigate the issue of permanent partial disability at the 1995 hearing, even though VanWagner indicated on the 1995 claim that she was requesting this benefit. No determination was ever made regarding VanWagner's entitlement to permanent disability benefits. Because the Commission found that VanWagner was still in her healing period in 1995, a determination of permanent partial disability benefits at that time would not have been appropriate. VanWagner's 2000 request for additional benefits was thus unnecessary and irrelevant to any statute of limitations calculation.

In sum, VanWagner filed a timely request for additional benefits in the form of permanent partial disability benefits in 1995, tolling the statute of limitations. The claim was neither litigated nor dismissed, the toll was never lifted, and the claim for

permanent partial disability benefits remains outstanding. Thus, VanWagner's claim for permanent partial disability benefits is not time barred.

Reversed and remanded.

PITTMAN, C.J., and GRIFFEN, J., agree.