Lana BARNES *v.* FORT SMITH PUBLIC SCHOOLS,
Risk Management Resources Division

CA 05-1317 235 S.W.3d 905

Court of Appeals of Arkansas
Opinion delivered May 17, 2006

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Lebetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham*, for appellees.

Aｎｄｒｅｅ Lａｙｔｏｎ Rｏａｆ, Judge. Appellant Lana Barnes appeals the Arkansas Workers' Compensation Commission's denial of her request for additional temporary total disability (TTD) and medical benefits on the basis that her claim was barred by both the statute of limitations and the doctrine of res judicata, and in the alternative, was not supported by substantial evidence. We affirm.

On October 5, 2000, Barnes was working as a cook in a school cafeteria when she slipped and fell on a wet floor, suffering a compensable back injury. After some initial medical treatment,

her treating physician released her to return to work with restrictions. Appellees Fort Smith Public Schools and its insurance carrier paid some benefits, but denied Barnes's entitlement to any further compensation benefits in December 2000 upon discovering that Barnes had been untruthful regarding a prior back injury and a prior workers' compensation claim. Barnes requested a hearing on her entitlement to temporary total disability benefits (TTD) beginning October 10, 2000, and continuing through a date yet to be determined. The ALJ found that Barnes had failed to meet her burden of proving by a preponderance of the evidence that she was entitled to TTD benefits. The Commission affirmed and adopted the ALJ's July 9, 2001, opinion. Barnes did not appeal from this decision.

In November 2004, Barnes filed a claim requesting additional TTD benefits beginning February 27, 2002, and continuing through a date yet to be determined and medical treatment subsequent to February 27, 2002. The ALJ found that Barnes's claim was barred by the statute of limitations, and the Commission affirmed and adopted the ALJ's opinion.

As her first point on appeal, Barnes argues that the Commission erred when it found that her claim was barred by the statue of limitations. When reviewing decisions from the Commission, this court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. *Dillard v. Benton Co. Sheriff's Office*, 87 Ark. App. 379, 192 S.W.3d 287 (2004). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

This court must first consider the allowable time for filing a claim for benefits as set out in Ark. Code Ann. § 11-9-702 (Repl. 2002). This statute sets out two types of claims. Subsection (a) covers an initial claim, which must be filed within two years of the date of injury. Ark. Code Ann. § 11-9-702(a)(1). The second type of claim is a claim for additional benefits and is set out in subsection (b) of the statute. In cases where any compensation has been paid, the claim for additional compensation, including disability or medical, will be barred unless filed within one year from the date of the last payment of compensation or two years from the date of the injury, whichever is greater. Ark. Code Ann. § 11-9-702(b)(1). When a claimant files a timely request for additional benefits that is never acted upon, the statute of limitations is tolled.

*Eskola v. Little Rock Sch. Dist.*, 93 Ark. App. 250, 218 S.W.3d 372 (2005); *Dillard, supra; Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 309 (2001); *Bledsoe v. Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984).

 Here, there is no question that Barnes filed one compensation claim, the initial request[1] filed in 2001, within two years of her injury. Barnes cites *Spencer, supra*, in support of her assertion that this 2001 claim tolled the statute of limitations; however, Barnes's reliance on *Spencer* is misplaced. In *Spencer*, the appellant made a timely request for additional compensation that was never acted upon, which effectively tolled the statute of limitations with regard to that claim. *Spencer, supra*. Here, unlike *Spencer*, Barnes's initial request for additional compensation was acted upon. The issue of TTD was decided in the Commission's July 9, 2001, opinion. Therefore, the statute of limitations was never tolled by the filing of the 2001 claim. Barnes did not file a claim for additional benefits until after November 22, 2004. Two years from the date of the injury would have been October 5, 2002. One year from the last payment of benefits would have been December 6, 2002; this would be the applicable limitations period because it is greater than two years from the date of the compensable injury. Because Barnes did not make another request for compensation until 2004, according to Ark. Code Ann. § 11-9-702(b), Barnes's 2004 claim for additional benefits is barred by the statute of limitations.

Barnes asserts that, because the Commission never dismissed her initial claim for additional benefits pursuant to Ark. Code Ann. § 11-9-702(d), her claim remained open. The statute, however, does not absolutely require that the claim be dismissed in this manner. *See Eskola, supra*. Arkansas Code Annotated section 11-9-702(d) provides:

> If, within six (6) months after the filing of a claim for additional compensation, no bona fide request for a hearing has been made with respect to the claim, the claim may, upon motion and after hearing, be dismissed without prejudice to the refiling of the claim within limitation periods specified in subsection (b) of this section.

---

[1] Barnes refers to her 2001 claim as her first claim for *additional* benefits. The AR-C form associated with this claim is not in the record, so it is impossible to tell exactly what type of benefits Barnes asked for in this claim. It is apparent from the record, however, that she did at least ask for TTD benefits in this claim.

The statute states that the claim *may* be dismissed upon motion from either party and notice to all parties. Moreover, Ark. Code Ann. § 11-9-702 does not even apply to Barnes's case because Barnes requested and received a hearing on the TTD benefits issue in 2001. Barnes concedes that this claim "met with a hearing and an unfavorable opinion." It was dismissed by the Commission's July 9, 2001, opinion.

■ Barnes also argues that her claim for additional benefits was timely filed because it was filed within one year from the date of the last payment of compensation. Barnes relies on *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994), for her assertion that Fort Smith School District and its insurance carrier had furnished her medical services until at least 2005. In *Plante, supra,* the claimant suffered a compensable injury on September 12, 1988. After the claimant was released to return to work, he periodically saw his surgeon for post-operative follow-up visits, with the last visit occurring on July 25, 1991. *Id.* The claimant filed a claim for additional benefits on September 11, 1991, more than two years after his date of injury. *Id.* Even though the visits with the surgeon were not billed to the respondent and respondent contended that it had no actual notice of the medical services, the supreme court held that the furnishing of these medical services constituted payments of compensation within the meaning of Ark. Code Ann. § 11-9-702(b) because the respondent had reason to know the medical services would be furnished. *Id.* The claim for additional compensation was therefore filed "within one year from the date of the last payment of compensation." *See id.*

Here, Barnes argues that her claim for additional benefits was within the statute of limitations because she had continued regular medical treatment for her back until at least 2005. However, Barnes found out on December 6, 2000, that Fort Smith School District and its insurance carrier were denying any further medical treatment. She submitted no medical bills to Fort Smith School District or its insurance carrier after this date and had no contact with either party after December 2000. Barnes's medical bills after December 2000 have been paid by other entities. A hearing was held in 2001 on the TTD benefits issue, the very issue Barnes chose to litigate. Unlike *Plante,* Barnes had no surgery, was not under the care of a surgeon, and was not regularly seeing a surgeon for post-surgery follow-up visits included in the payment for surgery. There is no evidence that Fort Smith School District

or its insurance carrier had actual notice or had reason to know that Barnes was receiving further medical treatment. Consequently, Barnes's contention that there was a furnishing of medical services, with knowledge of the appellees, within the statutory period is not supported by the record.

Because we are affirming this case based on the Commission's finding with respect to the statute of limitations, we need not address Barnes's point challenging the Commission's alternative finding that the doctrine of *res judicata* also barred her claim. For the same reason, we need not address Barnes's final point asserting that the Commission's decision that she is not entitled to additional TTD or medical benefits is not supported by substantial evidence.

Affirmed.

HART and VAUGHT, JJ., agree.