2009 Ark. App. 300

**Bobby STEWART, Appellant,**

v.

**ARKANSAS GLASS CONTAINER, Risk Management Resources, Death & Permanent Total Disability Fund and Second Injury Fund, Appellees.**

No. CA 08–1311.

Court of Appeals of Arkansas.

April 22, 2009.

Rehearing Denied May 27, 2009.

———

Philip M. Wilson, Little Rock, for appellant.

Womack, Landis, Phelps & McNeill, P.A., by: David Landis and Dustin H. Jones, Jonesboro, for appellees.

LARRY D. VAUGHT, Chief Judge.

Appellant Bobby Stewart argues that the Arkansas Workers' Compensation Commission erroneously concluded that his claim for additional benefits was time barred. We agree and reverse the decision of the Commission.

The facts of this case are not in dispute. Stewart sustained a compensable injury to his back on August 8, 2001. This injury was accepted as compensable by Arkansas Glass, and Stewart was provided temporary-total-disability and medical benefits. Arkansas Glass only controverted medical benefits after November 12, 2002. Stewart last received temporary-total-disability benefits on December 3, 2002, and he last received medical treatment on June 19, 2003. He also received an independent-medical examination (at Arkansas Glass' request) from Dr. Jim J. Moore on March 9, 2004.

On December 6, 2002, the Commission received a letter from Kristofer Richardson, Stewart's attorney, requesting a change of physician. This request was granted on January 29, 2003. Stewart next contacted the Commission on October 20, 2003, requesting a hearing on "Respondent's wrongful suspension of reasonable and related medical care." A hearing was held on March 19, 2004, before Administrative Law Judge Andrew L. Blood. Judge Blood issued an opinion on June 28,

2004, finding that Stewart was entitled to additional medical treatment. On December 15, 2004, the Full Commission reversed the ALJ—finding that the additional medical treatment requested was not reasonable and necessary. On November 16, 2005, our court affirmed the Full Commission's denial of additional medical treatment. The mandate was filed on December 6, 2005. Pursuant to the mandate, Stewart's October 20, 2003, request for additional medical benefits was fully and finally resolved.

On December 21, 2005, Stewart filed a request for additional benefits. The ALJ found that the statute of limitations did not bar his request because the March 19, 2004, hearing was a claim for additional medical benefits and the parties "specifically reserved" all other issues. The ALJ stated, "Matters not addressed herein are expressly reserved." However, the Commission reversed the ALJ, noting that the only request for benefits before the Commission at that time—whether Stewart was entitled to additional medical treatment—was fully addressed and as such there were no other matters pending before the Commission to reserve. The Commission further reasoned that even if there were, the ALJ's decision was reversed by the Commission and any arguably "reserved issues" became moot when the opinion was not affirmed. It is from this decision that Stewart now appeals.

■ Arkansas Code Annotated § 11–9–702(a)(1) (Repl. 2002) provides the time limitations for filing an initial claim for workers' compensation:

A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Workers' Compensation Commission within two (2) years from the date of the compensable injury. . . .

Arkansas Code Annotated § 11–9–702(b)(1) (Repl.2002) sets forth the time limitations for filing a claim for additional compensation:

In cases where any compensation, including disability or medical, has been paid on account of an injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of injury, whichever is greater.

Here, Stewart's first request for workers' compensation benefits—after controversion—was his December 6, 2002, request for a change of physician. His request was addressed and disposed of via the January 29, 2003, Change of Physician Order. Stewart's next request (filed on October 20, 2003) requested additional medical benefits, which was addressed at the March 19, 2004, hearing. It was fully resolved when our court issued its December 6, 2005, mandate.

As such, we are left with the fact that Stewart last received compensation benefits on June 19, 2003, and he did not request any additional benefits until December 21, 2005, when his new attorney (Philip Wilson) filed a letter designated as a claim for "additional benefits." On January 13, 2006, Wilson specified (by letter again) what additional benefits were being sought—a hearing on compensability, temporary disability, medical expenses, controversion, and attorney fees.

■ Stewart correctly states that the statute of limitations is tolled when a claimant files a request for additional benefits that is never acted upon by the Commission. *Barnes v. Fort Smith Public Schs.*, 95 Ark.App. 248, 235 S.W.3d 905 (2006); *Eskola v. Little Rock Sch. Dist.*, 93 Ark.App. 250, 218 S.W.3d 372 (2005).

However, here we are faced with a more precise question. We must determine the tolling impact—if any—a specific request for one benefit (medical expenses in this case) has on other benefits that could arise or flow from the specifically requested benefit. In more simplistic terms, we must determine if the statute-of-limitations tolling is claim or benefit specific.

Regarding the specific time frame for Stewart to file benefits, we must look to the statutory constructs of counting time. In Stewart's case, August 8, 2003, was two years from the date of his injury, and June 19, 2004, was one year from the last payment of benefits. Because June 19, 2004, is the greater of the two time periods—it is the applicable limitations period although it is greater than two years from the date of the compensable injury. The ALJ found that the statute of limitations did not bar Stewart's request for additional benefits because the March 19, 2004, hearing was a claim for additional medical benefits (three months prior to the statute-of-limitations bar) and the parties "specifically reserved" all other issues.

We agree with the ALJ's conclusion but use a different rationale to arrive at that end. Until Stewart's March 19, 2004, hearing for "additional medical benefits" was finally adjudicated and resolved, which it was not until our mandate issued on December 6, 2005, he could not have known what other additional benefits he was due, or the extent of his disability and resulting impairment. If he underwent additional treatment or surgery, the variable of his claim and the extent of his injury would necessarily change. And there is a practical element to be considered as well. If we were to require claimants to be benefit specific, within one distinct compensable-injury claim, there would be multiple statutes of limitations running. This would result in piecemeal litigation at its worst. Furthermore, the fact that Stewart ultimately was unsuccessful in his request for additional medical benefits is of no import. To have the question turn on how the claim was ultimately resolved would require that attorneys who choose to practice workers' compensation law be fortune-tellers.

Therefore, we conclude that Stewart's timely request for "additional medical benefits" tolled the statute of limitations until the claim was finally and completely litigated, not only on the general medical-benefit claim but on all benefits that might flow from that specific request. In accordance with the process outlined in the plain language of Arkansas' statute setting forth the time limitations for filing a claim for additional benefits, he then filed his December 21, 2005, letter designated as a claim for "additional benefits" and his January 13, 2006, letter outlining the specific additional benefits being sought (a hearing on compensability, temporary disability, medical expenses, controversion, and attorney fees). Therefore, he is due a hearing on his timely, as tolled, request for additional benefits.

Reversed and remanded.

HART and BROWN, JJ., agree.