2010 Ark. 198

**Bobby STEWART, Appellant,**

**v.**

**ARKANSAS GLASS CONTAINER and Risk Management Resources, Appellees.**

**No. 09–487.**

Supreme Court of Arkansas.

April 29, 2010.

Philip M. Wilson, Little Rock, for appellant.

Womack, Landis, Phelps & McNeill, P.A., by: David Landis and Dustin H. Jones, Jonesboro, for appellee.

ELANA CUNNINGHAM WILLS, Associate Justice.

This is an appeal from a decision of the Arkansas Workers' Compensation Commission denying a claim for additional benefits filed by appellant Bobby Stewart. After the court of appeals rendered its opinion in this case on April 22, 2009, appellee Arkansas Glass Container petitioned for review on the grounds that the court of appeals' opinion was in conflict with previous rulings of that court. This court granted the petition on October 1, 2009. Our jurisdiction is therefore proper pursuant to Ark. Sup.Ct. R. 1–2(e) and 2–4(c)(ii).

Stewart sustained an employment-related injury to his back on August 8, 2001. His employer, appellee Arkansas Glass Container, accepted the injury as compensable, and Stewart received temporary total-disability benefits until December 3, 2002. Arkansas Glass Container initially provided medical benefits, but controverted them after November 12, 2002. On December 6, 2002, Stewart sent a letter to the Workers' Compensation Commission requesting a change of physician. The Commission approved his request for a change of physician on January 23, 2003, changing Stewart's physician from Dr. Edward Cooper to Dr. William Hurst. Stewart last received medical treatment on June 19, 2003.

Stewart next contacted the Commission on October 20, 2003, when he sent a letter "formally requesting a hearing before an Administrative Law Judge ... to address [Arkansas Glass Container's] wrongful suspension of reasonable and related medical care." In his "prehearing questionnaire," Stewart asserted that the issue to be litigated was his "entitlement to additional reasonable and related medical benefits."

A hearing was then held on March 19, 2004, before Administrative Law Judge (ALJ) Andrew Blood, who issued an opinion on June 28, 2004, finding that Stewart was entitled to additional medical treatment. At the conclusion of his opinion, ALJ Blood stated that "[m]atters not addressed herein are expressly reserved." Arkansas Glass Container appealed Judge Blood's opinion to the full Commission, which entered an opinion and order on December 15, 2004, finding that Stewart did not prove he was entitled to additional medical treatment and thus reversing the ALJ's opinion. The Commission thus "den[ied] and dismiss[ed] Stewart's claim."

Stewart appealed the Commission's decision to the court of appeals, which affirmed the Commission. *Stewart v. Ark. Glass Container*, CA05–363, 2005 WL 3065876 (Ark. App. Nov. 16, 2005) (unpublished). The court of appeals' mandate was filed on December 7, 2005.

On December 21, 2005, Stewart sent another letter to the Commission asking it to "[p]lease consider this letter as a claim for additional benefits." On January 13, 2006, Stewart sent another letter to the Commission asking for his case to be assigned to an ALJ and to have a hearing scheduled "on the issues of compensability, temporary disability, medical expenses, controversion, and attorney's fees." On February 7, 2006, ALJ Blood sent counsel a letter confirming that Stewart had withdrawn his request for a hearing. The letter also noted that the file did not reflect the presence of a Form AR–C regarding the most recent hearing request and stated that the file was being returned to the Commission's general-files section.

Stewart wrote to ALJ Blood on March 2, 2006, renewing his request for a hearing. In this letter, Stewart contended that surgery he had undergone after the initial ALJ opinion, but before the reversal by the full Commission, demonstrated his entitlement to additional benefits, including "additional temporary disability, additional medical benefits, permanent impairment benefits when received, and wage loss benefits up to and including permanent and total disability." Stewart further stated that he understood that he could file a claim for additional benefits for up to one year from the "final order ending litigation of the first claim for additional benefits" based upon this "new evidence." In response, Arkansas Glass Container urged that Stewart's claims were barred by the statute of limitations because he had not requested additional benefits within one year of the last benefit provided to him.

ALJ Blood issued an opinion on April 3, 2008, finding that Stewart's present claim for additional benefits was not barred by the statute of limitations. The ALJ first noted that, from the date of the October 20, 2003 hearing request on the issue of "wrongful suspension of reasonable and related medical care" until the December 7, 2005 mandate from the court of appeals, Stewart's claim was in litigation. The ALJ further stated that the sole issue before the Commission at the time of the March 19, 2004 hearing was a claim for additional medical benefits, and issues regarding permanent physical impairment and wage loss were not addressed at that time because they were not ripe. In addition, the ALJ noted that all other issues had been "specifically reserved" in the June 28, 2004 ruling. The ALJ concluded that this express reservation included "the issues of temporary total disability, permanent physical impairment, and wage loss," such that these issues were not barred by the statute of limitations.

Arkansas Glass Container again appealed the ALJ's decision to the full Commission, which reversed the ALJ's opinion on August 18, 2008, finding that the "present claim for additional benefits was not timely filed" and was thus barred by the statute of limitations. The Commission noted that, although the ALJ had relied on the "specifically reserved" language in its March 2004 opinion, nothing in the prehearing order and hearing notices or the June 28, 2004 opinion filed by the ALJ revealed that the parties ever reserved any additional issues, either implicitly or explicitly. The Commission continued:

At best, the Administrative Law Judge stated in the final sentence of his Award that "Matters not addressed herein are expressly reserved." As the only re-

quest for benefits before the Commission at that time was whether the claimant was entitled to additional medical treatment was fully addressed and disposed of, there were no other matters pending before the Commission to reserve. The Administrative Law Judge had no authority to reserve issues that had yet to be raised. Moreover, the decision of the Administrative Law Judge was reversed by the Full Commission. Accordingly, whether it reserved any additional issues became moot when the opinion was not affirmed.

The Commission stated that there was "no question" that Stewart had not filed an initial claim for compensation because Arkansas Glass Container had accepted the claim as compensable. In addition, the Commission noted that it was undisputed that Stewart had never filed a Form AR–C officially requesting benefits, and his only requests of the Commission had come through correspondence from his attorneys. Stewart's last benefits were received on June 19, 2003, and he did not inquire about additional benefits until his December 21, 2005 letter advising that it was a claim for unspecified "additional benefits." Thus, because Stewart's claim for additional compensation was not filed within one year from the date of the last payment of compensation or two years from the date of injury, the Commission concluded that Stewart's claim was time-barred by Arkansas Code Annotated section 11–9–702(b)(1) (Repl.2002).

Stewart appealed the Commission's opinion to the court of appeals, which reversed the Commission. *Stewart v. Ark. Glass Container*, 2009 Ark.App. 300, 307 S.W.3d 614. The court framed the issue as whether the tolling of the statute of limitations was claim-specific or benefit-specific. *Id.* at 4, 307 S.W.3d 614. The court stated that, until Stewart's March 2004 hearing for "additional medical benefits" was finally adjudicated and resolved by the court of appeals' December 6, 2005 mandate, "he could not have known what other additional benefits he was due, or the extent of his disability and resulting impairment." *Id.* Thus, the court concluded that Stewart's "timely request for 'additional medical benefits' tolled the statute of limitations until the claim was finally and completely litigated, not only on the general medical-benefit claim but on all benefits that might flow from that specific request." *Id.* at 5, 307 S.W.3d 614.

Arkansas Glass Container filed a petition for review from the court of appeals' decision, which this court granted. When we grant review of a decision by the court of appeals, we review the case as though the appeal was originally filed in this court. *See Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008); *Tucker v. Roberts–McNutt, Inc.*, 342 Ark. 511, 29 S.W.3d 706 (2000).

In this appeal, we must construe and apply Arkansas Code Annotated section 11–9–702 (Repl.2002). The question of the correct interpretation and application of an Arkansas statute is a question of law, which we decide de novo. *Honeysuckle v. Curtis H. Stout, Inc.*, 2009 Ark. App. 696, —— S.W.3d ——, 2009 WL 3378528. It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). When we construe the workers' compensation statutes, however, we must strictly construe them. *Id.*; Ark. Code Ann. § 11–9–704(c)(3) (Repl.2002). Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Happney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). The doctrine of strict construction requires this court to use the

plain meaning of the language employed. *Id.*

■ At issue in the present case is whether Stewart filed a timely request for additional compensation. It is the claimant's burden to prove that he acted within the time allowed for filing a claim for additional compensation. *Kent v. Single Source Transp.*, 103 Ark.App. 151, 287 S.W.3d 619 (2008). The time limitations for requesting additional workers' compensation benefits are set out in Arkansas Code Annotated section 11–9–702 (Repl. 2002), which provides, in pertinent part, as follows:

(b) Time for filing additional compensation.

(1) In cases where any compensation, including disability or medical, has been paid on account of injury, *a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.*

. . . .

(c) *A claim for additional compensation must specifically state that it is a claim for additional compensation.* Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.

(Emphasis added.) Thus, absent some action that tolled the statute of limitations, Stewart's claim for additional compensation had to be filed within one year of June 19, 2003 (the date of the last receipt of medical benefits) or two years from August 8, 2001 (the date of injury).

■ Citing *Spencer v. Stone Container Corp.*, 72 Ark.App. 450, 38 S.W.3d 909 (2001), Stewart suggests that his December 6, 2002 request for a change of physician "was obviously a request for not only further medical care but also encompassed additional benefits for |₈disability, such as TTD, a permanent impairment rating, and perhaps wage-loss benefits." [1] In *Spencer, supra,* the court of appeals held that it is "axiomatic that when a claimant makes a proper request for a change of physician, she is seeking compensation benefits in addition to that which she has either been awarded or otherwise provided. Therefore, ... such a request can constitute a claim for additional compensation and toll the statute." *Spencer,* 72 Ark.App. at 454, 38 S.W.3d at 911. The record before us does not reflect that Stewart raised this argument below, however, and he thus may not obtain a reversal by advancing it on appeal.[2] *See Kimbell v. Ass'n of Rehab*

---

1. In its entirety, that letter read as follows:

Please indicate Bristow & Richardson, PLLC, as attorney of record in the above-referenced claim. On behalf of Mr. Stewart, I am formally requesting a change of physician from R. Edward Cooper, Mr., M.D. of Jonesboro, Arkansas, to Kenneth Tonymon, M.D. of Jonesboro, Arkansas.

Please let me know if anything further is required to perfect this request. Thank you for your assistance in this matter.

2. Stewart's reliance on *Spencer, supra,* is misplaced in any event. The appellant in that case, Blandina Spencer, sustained a compensable injury in September 1991; therefore,

her injuries were governed by the pre-Act 796 version of the Workers' Compensation Act. *See* Acts 1993, No. 796, § 41 ("[T]he provisions of this act shall apply only to injuries which occur after July 1, 1993."); *Tackett v. Crain Auto.*, 321 Ark. 36, 37, 899 S.W.2d 839, 839 (1995). Prior to the 1993 amendments, Arkansas Code Annotated section 11–9–702 did not contain the present subsection (c), which declares that "[d]ocuments which do not specifically request additional benefits shall not be considered a claim for additional compensation." Ark.Code Ann. § 11–9–702(c) (Repl.2002). Thus, to the extent that Stewart cites *Spencer* for its statement that a request for a change of physician can consti-

*Indus. & Bus. Companion Prop. & Cos.,* 366 Ark. 297, 235 S.W.3d 499 (2006) (when an issue was not raised below, it is not preserved for appellate review).

Stewart also attempts to distinguish *Barnes v. Fort Smith Public Schools,* 95 Ark.App. 248, 235 S.W.3d 905 (2006), and *Eskola v. Little Rock School District,* 93 Ark.App. 250, 218 S.W.3d 372 (2005), cases on which Arkansas Glass Container relied below, in support of his argument that the statute of limitations was tolled. In *Barnes, supra,* the court of appeals held that "[w]hen a claimant files a timely request for additional benefits *that is never acted upon,* the statute of limitations is tolled." *Barnes,* 95 Ark.App. at 251, 235 S.W.3d at 906 (emphasis added). In that case, Barnes suffered a compensable injury in October 2000. Her employer, the Fort Smith Public Schools, paid benefits until December 2000, when it denied her entitlement to any further compensation. Barnes requested a hearing in 2001 on her entitlement to temporary total-disability (TTD) benefits. The ALJ found she had not met her burden of proof, and the Commission affirmed. Barnes did not appeal that decision. *Id.* at 250, 235 S.W.3d at 906.

Barnes filed a claim for additional TTD benefits in November 2004. The ALJ and the Commission found that her claim was barred by the statute of limitations. On appeal, she argued that her 2001 claim tolled the statute of limitations, citing *Spencer v. Stone Container, supra.* The court of appeals held that her reliance on *Spencer* was misplaced because in *Spencer,* there had been a timely request for additional compensation that had never been acted upon, "which effectively tolled the statute of limitations *with regard to that claim.*" *Id.* at 251, 235 S.W.3d at 907

(emphasis added). Barnes's initial claim for additional benefits was acted upon, however, and therefore, the statute of limitations was *not* tolled by the 2001 claim. Thus, her 2004 claim was filed outside of the statute and was time-barred. *Id.* at 251, 235 S.W.3d at 907.

In *Eskola,* 93 Ark.App. 250, 218 S.W.3d 372, the claimant suffered a compensable injury in September 1998 and filed a claim in June 1999. On the claim form, Eskola checked both the "initial benefits" and the "additional benefits" boxes, even though he had not yet received any benefits at the time he filled out the form. Although his treating physician recommended surgery to repair his injury, his last payment of compensation occurred in May 2000, and Eskola did not have the surgery until 2003. *Eskola,* 93 Ark.App. at 251, 218 S.W.3d at 373.

When Eskola sought additional benefits to cover the surgery in May 2003, the ALJ and Commission found that his claim was barred by the statute of limitations. On appeal to the court of appeals, Eskola cited *Spencer v. Stone Container Corp., supra,* and argued that the statute was tolled when a benefit claim was filed before the expiration of two years from the date of injury and remained tolled unless a dismissal was obtained. *Id.* The court of appeals rejected his argument, distinguishing *Spencer* on the basis that the appellant there "made a timely request for additional compensation that was never acted upon, which effectively tolled the statute of limitations *with regard to that claim.*" *Id.* at 252–53, 218 S.W.3d at 374 (emphasis added).

In the present case, Stewart argues that his December 2002 request for a change of physician was a request for additional benefits that tolled the statute of

tute a claim for additional compensation, that

case is no longer instructive or controlling.

limitations. As already noted, Stewart cannot prevail on that argument. *See* n. 2, *supra.* In addition, *Barnes,* relying on *Eskola,* held that where a request for additional benefits is *not* acted upon, the statute is tolled. Stewart's request *was* acted upon when his request for medical benefits was heard and ultimately denied; therefore, under *Barnes,* that request did not toll the statute of limitations.

■ Stewart also attempts to distinguish *Barnes* on the grounds that, "in that case, the request for additional benefits was not the *same kind* of benefits initially denied," and here, he urges that he is seeking benefits different than those that were denied in the original proceedings. Both *Barnes* and *Eskola* noted, however, that a request for additional compensation that is not acted on only tolls the statute of limitations with respect to that particular claim. Stewart's earlier requests for medical benefits thus could not, under *Barnes* and *Eskola, supra,* toll the statute of limitations for all other claims for benefits that were not requested at that time. Accordingly, Stewart's December 2005 claim for additional benefits—which he alleged included temporary total disability, controversion, and attorneys' fees—was untimely.

■ Stewart next argues that the ALJ's statement in the June 28, 2004 order that all other issues were "expressly reserved" was sufficient to toll the statute of limitations as to all matters other than those addressed in that order. Because no issues other than medical expenses were raised and decided in that order, Stewart urges that all other claims for benefits, such as disability payments, were not acted upon and the statute of limitations was therefore tolled as to those claims.

We cannot agree with this contention. Although the ALJ "expressly reserved" all matters not addressed in the opinion, the Commission reversed the ALJ's opinion, finding that Stewart had not met his burden of proving he was entitled to additional medical benefits, and dismissed Stewart's claim in its entirety. Stewart cites no authority for his proposition that undefined claims purportedly "reserved" by a lower tribunal can somehow satisfy his burden to prove that he made a timely request for additional compensation for purposes of the statute of limitations in section 11–9–702(b).

Stewart nonetheless argues that, because the ALJ reserved "other claims," there "obviously" had to be other issues, such as disability benefits, to which the ALJ was referring. In addition, he argues that, because the only claims "dismissed" by the Commission were his claims for additional medical benefits, the Commission could not have dismissed any future claims for additional benefits, such as disability. Again, though, he cites no authority for this proposition, and he concedes that there appears to be no authority concerning the effect of "reserving" issues in a hearing before an ALJ.

Stewart's situation is unlike that presented in *VanWagner v. Wal–Mart Stores, Inc.,* 95 Ark.App. 173, 234 S.W.3d 893 (2006). There, the employee's first claim for additional benefits included requests for several kinds of benefits, including temporary total disability, additional permanent partial disability, additional medical expenses, and attorney's fees. The parties specifically agreed not to litigate the issue of permanent partial-disability (PPD) benefits. When the employee later sought a hearing on the PPD benefits, her employer argued that her claim was time-barred. The court of appeals disagreed, holding that, because the claim for PPD benefits had never been litigated or adjudicated, it was still pending and thus tolled the statute of limitations.

In the present case, on the other hand, there were no specific claims for benefits that were excluded from consideration at the time of the ALJ's first order. Because there was nothing outstanding after that claim for additional medical benefits was first granted by the ALJ, then denied and dismissed by the Commission, there was no outstanding portion of that request that could have been "reserved" to toll the statute.[3]

In sum, this court is to strictly construe the workers' compensation statutes, see Ark.Code Ann. § 11–9–704(c)(3) (Repl. 2002), and strict construction requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). Section 11–9–702(b) states that a claim for additional benefits must be made within one year of the date of the last payment of compensation (here, June 19, 2003) or two years from the date of injury (August 8, 2001), whichever is greater, or the claim will be barred. Because he failed to do so within the time allowed by section 11–9–702(b), the Commission correctly determined that his December 21, 2005 request for additional benefits was time-barred.[4]

Workers' Compensation Commission affirmed; court of appeals reversed.

HANNAH, C.J., and CORBIN and SHEFFIELD, JJ., dissent.

SHEFFIELD, J., dissenting.

I respectfully dissent. In a footnote the majority dismisses Stewart's argument regarding his request for "additional benefits" by addressing a case relied on by Stewart, *Spencer v. Stone Container Corp.*, 72 Ark.App. 450, 38 S.W.3d 909 (2001). In *Spencer,* the court of appeals stated that it is "axiomatic that when a claimant makes a proper request for a change of physician, she is seeking compensation benefits in addition to that which she has either been awarded or otherwise provided. Therefore, ... such a request can constitute a claim for additional compensation and toll the statute." *Spencer,* 72 Ark.App. at 454, 38 S.W.3d at 911. In addressing the *Spencer* case, the majority cites Arkansas Code Annotated 11–9–702(c), a subsection that did not exist until the 1993 amendments and states that "[d]ocuments which do not specifically request additional benefits shall not be considered a claim for additional compensation." Ark.Code Ann. § 11–9–702(c) (Repl.2002). Relying on this amendment, the majority states that the *Spencer* case is no longer instructive or controlling to the extent that Stewart relies on it for the statement that a request for a change of physician can constitute a claim for additional compensation. I do not disagree with the majority's interpretation of the holding in *Spencer.* However-

---

**3.** We briefly address Stewart's suggestion that Arkansas Code Annotated section 11–9–713 (Repl.2002) might have been utilized to modify the final award of benefits, had the Commission only given him an opportunity to show a change in his physical condition. That statute provides that the Commission may review any compensation order, award or decision "at any time within six (6) months of termination of the compensation period fixed in the original compensation order or award ... on the ground of a change in physical condition" and may "make an order or award terminating, continuing, decreasing, or increasing for the future the compensation

previously awarded." Ark.Code Ann. § 11–9–713(a)(1)–(3) (Repl.2002). Stewart's request for additional benefits was denied, however; thus, this statute is not applicable because no benefits have been "awarded."

**4.** Arkansas Code Annotated section 11–9–1001 (Repl.2002) declares that if "such things as the statute of limitations ... need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by ... the courts."

er, the majority also reflexively accepts the letter dated December 21, 2005, as a request for "additional benefits." The December 21, 2005 letter was not a request for "additional benefits"; rather, it was a request for a modification of a previous compensation order granted on January 29, 2003. As we have previously stated in *Lawhon Farm Services v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998), a case dealing with the interpretation of Arkansas Code Annotated section 11–9–527,

> The General Assembly is presumed to be familiar with this Court's interpretations of its statutes, and if it disagrees it can amend the statutes.... Without such amendments, however, our interpretations of the statutes remain the law. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997). Although aware of our interpretation, the General Assembly made no change to § 11–9–527(c) in the 1993 amendments. Nor do we agree that § 11–9–1001 has annulled our decisions interpreting the statute. Section 11–9–1001 purports to annul decisions that are inconsistent with Act 796 [of 1993]. We do not regard our prior decisions as being inconsistent with Act 796 as they are interpretations of § 11–9–527 that remain unchanged by that Act. Interpretation of statutes is the proper function of this Court.

*Lawhon*, 335 Ark. at 281, 984 S.W.2d at 5. Thus, in *Lawhon*, our interpretation of § 11–9–527 was not annulled by the 1993 amendments as it was not inconsistent with Act 796. Similarly, the *Spencer* holding is not entirely annulled by the amendments of 1993, or 1999, with respect to an order granting a physician request being treated as a compensation order.

Arkansas Glass Container argues that the request for a change of physician did not toll the statute of limitations and that this request did not preserve every other type of workers' compensation benefit available. It is my opinion that the Commission erred in determining that Stewart's request on December 21, 2005, was for "additional benefits." His request was for a modification of the Commission's order of January 29, 2003, granting a request to change physicians.

Arkansas Code Annotated section 11–9–713 states the following regarding modification of awards:

> (a) (1) Except where a joint petition settlement has been approved, the Workers' Compensation Commission may review any compensation order, award, or decision.
>
> (2) This may be done at any time within six (6) months of termination of the compensation period fixed in the original compensation order or award, upon the commission's own motion or upon the application of any party in interest, *on the ground of a change in physical condition* or upon proof of erroneous wage rate.
>
> (3) Upon the review, the commission may make an order or award terminating, continuing, decreasing, or increasing for the future the compensation previously awarded, subject to the maximum limits provided for in this chapter.
>
> (b) The review and subsequent order or award shall be made in accordance with the procedure prescribed in § 11–9–704.
>
> (c) No review shall affect any compensation paid pursuant to a prior order or award....

Ark.Code Ann. § 11–9–713(a)–(c) (Supp. 2009) (emphasis added). According to section 11–9–713(a)(2), the Commission may review an award on the ground of a change in the physical condition of a party. The Commission may continue, decrease, or increase an award under this statute.

In the case at hand, Stewart filed a request for "additional benefits" on December 21, 2005. This was after the court of appeals issued its mandate on December 7, 2005, and approximately three years after the January 29, 2003 order granting his request for a change of physician. The additional benefits included temporary disability and medical expenses as well as controversion and attorney fees. These claims arose out of the January 29, 2003 order granting a change in physician. After the request was granted, Stewart had the opportunity to determine the full extent of his injury. He was seen by various doctors and, based on the recommendation of Dr. Ricca, Stewart had the surgery indicated. As a result of the surgery, Stewart claimed in the letter dated March 2, 2006, that his symptoms had decreased. Because the extent of his injuries were not known as Stewart's condition was changing, the full extent of his injuries could not have been determined until thoroughly investigated by a physician and, ultimately, treated to decrease the severity of the symptoms. Thus, the statute of limitations could not begin to run until the furnishing of these medical services was complete, which would have been after the condition had been thoroughly investigated by his attending physician. *See Plante v. Tyson Foods, Inc.,* 319 Ark. 126, 890 S.W.2d 253 (1994). The December 21, 2005 claim was a modification of the original order granted on January 29, 2003, and the claim was filed in response to his deteriorating condition so that his doctor could investigate the full extent of his injury.

In making this decision I have relied upon the central purpose of the Workers' Compensation Act of 1993 and its amendments as stated in section 11–9–1001 of the Arkansas Code:

> [T]he major and controlling purpose of workers' compensation is to pay timely temporary and permanent disability benefits to all legitimately injured workers that suffer an injury or disease arising out of and in the course of their employment, to pay reasonable and necessary medical expenses resulting therefrom, and then to return the worker to the work force.

Ark.Code Ann. § 11–9–1001 (Repl.2002). In keeping with the principles stated in the Arkansas Workers' Compensation Act and relevant case law, I have determined that Stewart was a worker who legitimately suffered an injury that arose in the course of his employment. The extent of that injury was not fully known until it had been thoroughly investigated by his physician. I would, therefore, affirm the decision of the court of appeals and reverse the Commission's decision denying Stewart's claim for "additional benefits."

HANNAH, C.J., and CORBIN, J., join.