N. MARK KLAPPENBACH, Judge
The White County Judge and the Association of Arkansas Counties Risk Management Services appeal from a decision of the Arkansas Workers' Compensation Commission (Commission) awarding Bruce Menser reasonable and necessary medical treatment. Appellants contend that Menser's claim is barred by the statute of limitations and that substantial evidence *417 does not support a finding that his injuries are compensable. We reverse and remand.
Menser was working as a patrol deputy for the White County Sheriff's Office on December 16, 2013, when he alleges he was injured due to exposure to fumes from his patrol car's battery. Appellants initially accepted the injury as compensable and paid benefits but later controverted it in its entirety. A hearing was held before the administrative law judge (ALJ) in April 2017 on the issues of the statute of limitations, compensability, and reasonable and necessary medical treatment; other issues were reserved. Menser presented evidence that the battery in his patrol car exploded on the night in question and that the exposure to fumes inside the car caused a myriad of injuries. He was eventually treated by Dr. David Silas, a neurologist, who diagnosed him with a seizure disorder and neuropathy. Dr. Silas opined that Menser's conditions were caused by his inhalation of the battery fumes. Appellants submitted the report of Dr. Henry Simmons, who opined after reviewing Menser's medical records and deposition that Menser had not suffered a toxicological injury.
The Commission, which affirmed and adopted the decision of the ALJ, found that Menser's claim was not barred by the statute of limitations, that he had sustained compensable injuries in the form of a brain injury and neuropathy, and that he was entitled to reasonable and necessary medical treatment for these injuries. The Commission found that he had not proved compensable injuries with regard to the evidence of fibromyalgia, joint pain, a pulmonary injury, anxiety, or memory loss and confusion.
We first address appellants' contention that Menser's claim is barred by the statute of limitations. When reviewing decisions from the Commission, this court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. Barnes v. Fort Smith Pub. Schs. , 95 Ark. App. 248, 235 S.W.3d 905 (2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id.
The issue is whether Menser timely filed a claim for additional medical benefits. It is the claimant's burden to prove that he or she acted within the time allowed for filing a claim for additional compensation. Stewart v. Ark. Glass Container , 2010 Ark. 198, 366 S.W.3d 358. Arkansas Code Annotated section 11-9-702 sets forth the following limitations:
(b) Time for filing additional compensation.
(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.
....
(c) A claim for additional compensation must specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.
Ark. Code Ann. § 11-9-702(b)(1), (c) (Repl. 2012).
The Commission determined, and the parties do not dispute, that the relevant date was December 16, 2015-two years from the date of Menser's injury. The Commission found that, although Menser had never filed a claim via a Form AR-C, he had filed a document that was sufficient *418 to constitute a claim for additional benefits. This document, a letter from Menser's counsel at the time, was filed with the Commission on July 11, 2014. The letter provided Menser's name, the name of his employer, and the file number for his case, and stated as follows: "Please set this case for a hearing on medical benefits and TTD. I am reserving the issue of PTD." The parties filed prehearing questionnaires in August 2014, and a prehearing telephone conference was held in September 2014. Pursuant to the prehearing order, a hearing was set for November 17, 2014, and the issues to be presented included compensability and medical benefits. Following a second prehearing telephone conference, the scheduled hearing was canceled by agreement of the parties because discovery was not complete. In late 2016, Menser's current counsel requested a hearing on Menser's claim. The Commission found that the claim had been pending-and the running of the statute of limitations had been tolled-since July 11, 2014; thus, the claim was not time-barred.
Appellants argue, as they did below, that the July 2014 letter does not constitute a claim for additional benefits under Arkansas Code Annotated section 11-9-702(c) because it does not specifically state that Menser was requesting "additional benefits." The Commission's opinion, however, does not cite Arkansas Code Annotated section 11-9-702(c). Instead, the Commission relied on a prior Commission opinion that analyzed the requirements to constitute a claim for additional benefits pursuant to Cook v. Southwestern Bell Telephone Company , 21 Ark. App. 29, 727 S.W.2d 862 (1987). That Commission opinion stated, in part, that "we have interpreted Cook as requiring that correspondence intended as a claim for additional benefits (1) identify the claimant, (2) indicate that a compensable injury has occurred, and (3) convey the idea that compensation is expected." The Commission here concluded that the July 2014 letter was sufficient under this standard. As the supreme court has noted, however, opinions governed by the pre-Act 796 of 1993 version of the Workers' Compensation Act are no longer controlling regarding the requirements to constitute a claim for additional compensation because prior to the 1993 amendments, Arkansas Code Annotated section 11-9-702 did not contain the present subsection (c). See Stewart , 2010 Ark. 198, at 8 n.2, 366 S.W.3d at 362 n.2.
By relying on the standards set forth in Cook , and failing to consider section 11-9-702(c), the Commission here has applied the wrong legal standard. Further, the Commission erroneously stated that appellants had the burden of proving the claim was time-barred. As stated above, it is the claimant's burden to prove that a claim is timely filed. Stewart , supra. Because the Commission failed to apply the correct legal standard, we reverse the Commission's decision and remand for further action consistent with this opinion.
Reversed and remanded.
Virden and Harrison, JJ., agree.