Rick W. DILLARD  *v.*
BENTON COUNTY SHERIFF'S OFFICE

CA 04–025                                         192 S.W.3d 287

Court of Appeals of Arkansas
Division II
Opinion delivered September 22, 2004

[Rehearing denied October 27, 2004.]

380

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellant.

*Roberts Law Firm, P.A.*, by: *Michael Lee Roberts, Andrew M. Ivey*, and *John D. Webster*, for appellees.

L ARRY D. VAUGHT, Judge. Claimant Rick W. Dillard appeals from the Arkansas Workers' Compensation Commission's holding that his claim for permanent-partial disability benefits was properly dismissed for lack of prosecution and that each of his subsequent claims were time barred. We reverse the decision of the Commission and remand for an award of benefits.

The facts of this case are not controverted. Dillard injured his right wrist after slipping and falling on January 17, 1997, while working as a law-enforcement officer. As a result of this fall, Dillard sustained a compensable injury (a torn wrist ligament). Because the injury was deemed compensable, Dillard's employer paid for his medical treatment following the injury (its last payment for Dillard's medical services was tendered on June 24, 1998). Throughout the treatment period, Dillard continued working in a light-duty capacity.

Dr. James F. Moore, M.D., treated Dillard's injury. Dillard was released from Dr. Moore's care in the winter of 1997. At the conclusion of Dillard's therapy, on December 4, 1997, Dr. Moore assigned a ten percent permanent-partial impairment rating to Dillard's right-upper extremity. Despite Dr. Moore's conclusion, Dillard's employer refused to pay any permanent-disability benefits.

Presumably, this refusal prompted Dillard to retain legal counsel. After retaining his first attorney, Dillard filed a claim for benefits using the Commission's AR-C form. Dillard signed this AR-C on March 3, 1998, and it was filed with the Commission on June 5, 1998. This claim was dismissed — without a hearing — on February 25, 1999, for lack of prosecution. His claim was refiled in 2000, and then filed again (after retaining another attorney) in 2002. Dillard's new attorney requested, and was granted, a hearing in conjunction with the 2002 refiling.

Following the 2003 hearing, the Administrative Law Judge (ALJ), and ultimately the majority of the Commission, found that Dillard's 1998 AR-C was properly dismissed for lack of prosecu-

tion. The ALJ noted that, according to the record, Dillard did not object to the administrative dismissal of this claim. The ALJ further reasoned that all subsequent claims were time barred. This appeal followed.

In considering appeals from decisions of the Commission, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. *Williams v. Browns' Sheet Metal/CNA Ins. Co.*, 81 Ark. App. 459, 105 S.W.3d 382 (2003).. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In our review of the Commission's conclusion, we first turn our attention to the allowable time for filing a claim for benefits as set out in Ark. Code Ann. § 11-9-702 (Repl. 2002). This statute recognizes two types of claims. Subsection (a) covers an initial claim — a claim that is filed prior to receiving any benefits. Initial claims must be filed within two years of the date of injury. After filing an initial claim, one must request a hearing within six months. If, at the expiration of the six months, no hearing request is made, the claim may be dismissed without prejudice. However, the dismissal must be preceded by a motion requesting such relief, and a hearing.

The second type of claim — a claim for additional benefits — is set out in subsection (b) of the statute. According to the statute, in cases where any compensation has been paid, the claim for additional compensation, including disability or medical, will be barred unless filed within one year from the date of the last payment of compensation or two years from the date of the injury, whichever is greater. Further, a hearing request must be made within six months of the filing, or the claim may, upon motion and after hearing, if necessary, be dismissed without prejudice. Once a claim is dismissed, the claim is considered to have never been filed, and unless a new claim is filed within the statutory period of time allowed by section 11-9-702, the statute of limitations will bar any subsequent claims.

Thus, the focus of this appeal is the 1998 AR-C claim form that Dillard filed. Dillard's claim was made on a form provided (and presumably designed) by the Commission. The form has a section entitled "Claim Information." The section has two parts

that are relevant to this case. The first portion of the form states, "If this claim is for initial benefits (no benefits, either medical or indemnity has been received), what compensation benefits are you claiming?" Underneath this sentence, there are seven blanks beside different types of benefits. The other relevant portion of the AR–C's "Claim Information" section questions, "If this claim is for additional benefits, what specific benefits are you claiming?" The same seven blanks listed in the initial benefits section are listed underneath this question.

Dillard's attorney at the time filled out his claim form and checked only the "Permanent Total Disability," "Rehabilitation," "Attorney Fees," and "Medical Expenses" boxes located under the "initial" benefits section. However, because Dillard's employer had previously paid all of his medical expenses, the claim should have been one for "additional" benefits. His form had no checked boxes under the additional benefits section, and the law requires that "a claim for additional compensation must specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation." Ark. Code Ann. § 11-9-702(c) (Repl. 2002).

After Dillard failed to timely request a hearing, his employer moved for the claim to be dismissed. Significantly, the dismissal request was made under Commission Rule 13, which allows a dismissal without a hearing after notice to the parties pursuant to Ark. Code Ann. § 11-9-702(b)(4), the portion of the statute relating to additional benefits. The ALJ granted the motion and dismissed "pursuant to Rule 13 for lack of prosecution, without prejudice, with a refiling within the limitations set out in Ark. Code Ann. § 11-9-702(b)."

In the subsequent ALJ opinion that barred Dillard's later-filed "additional" claims because the limitations period had run, the ALJ noted that Dillard's "original AR–C filed with the Commission on June 8, 1998, requested only initial benefits and as the law at that time required that a claim for additional benefits had to specifically state that it was a request for additional benefits or it would not be considered a claim for additional benefits." Notably, the ALJ also concluded that "[b]ut for the claim being barred by the statute of limitations, [Dillard] would have at least been entitled to his impairment rating for his compensable wrist injury." This second ALJ opinion was affirmed and adopted by the

full Commission. Dillard asks this court to reverse the Commission's decision and reinstate his claim.

■ The resolution of this appeal is not dependent on how Dillard's 1998 AR-C claim is classified. Regardless of whether his request is classified as an "initial" claim or an "additional" claim, he is entitled to benefits. First, if the claim is classified as a claim for "additional" benefits (despite the fact that the wrong boxes were checked) then the claim, because it was timely filed, tolls the statute of limitations. *Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 309 (2001). This tolling is based on this court's observation that "[i]f the statute is not tolled when the claimant files a claim for additional benefits, what could possibly toll the statute? We prefer to think that the statute means what its plain language implies." *Bledsoe v. Georgia-Pacific Corp.*, 12 Ark. App. 293, 295, 675 S.W.2d 849, 295 (1984).

In support of the proposition that the 1998 claim is more properly classified as an "additional" claim, the fact that it was dismissed pursuant to the Commission's own rules designed to deal with "additional" claims is relevant. Further, the fact that the dismissal occurred without a hearing, which is not an acceptable option (according to the statute) for "initial" claims, is persuasive. This approach — dismissal without hearing — is only statutorily acceptable in "additional" claims.

In the instant case, Dillard filed a form AR-C requesting benefits that he had not previously received — permanent disability benefits, rehabilitation, and attorney fees. It is also relevant that Dillard's treating doctor opined that Dillard was entitled to a ten percent impairment rating to his upper-right extremity. After Dillard's employer refused to pay for his permanent impairment, the claim was filed. In his claim, Dillard identified that an attorney had been retained to pursue the claim and requested "additional" benefits— benefits that had not previously been provided to him. It is also clear that his employer had previously provided benefits. To hold that a claim form requesting benefits, where an employer had previously provided benefits and a claimant has previously received benefits, is not a claim for "additional" benefits is a classic example of form over substance.

■■ However, if we were to find that the strictures of our state's workers' compensation legislation require a finding that, because of Dillard's failure to technically comply with the "call" of the form, his claim was not one for "additional" benefits,

then question remains — what type of claim did he file? If it is not an "additional" claim, and all claims (according to the form) are either "additional" or "initial," then his claim must have been for "initial" benefits. Under this second scenario, if Dillard's claim is classified as an "initial" claim, the Commission must also be reversed. As noted above, in claims for initial benefits, the claim cannot be dismissed without a hearing. Dillard's claim was dismissed without the ALJ first conducting a hearing. This is a clear violation of Ark. Code Ann. § 11-9-702(a).

In sum, whether Dillard's 1998 AR-C is classified as an initial or an additional claim, he is entitled to benefits. As discussed above, the Commission affirmed the ALJ's finding that "but for the claim being barred" Dillard would have been entitled to benefits. Because we have concluded that there is insufficient evidence to support the Commission's finding that Dillard's claim was properly dismissed, we reverse the decision of the Commission and remand for an award of ten percent permanent-partial impairment to Dillard's right-upper extremity.

Reversed and remanded.

STROUD, C.J., and HART, J., agree.