Scipio JOHNSON  *v.*  BONDS FERTILIZER, INC.,
Bonds Brothers, Inc., Agri Group-Comp, Si Fund and
CNA Insurance Company

04-1213                                                226 S.W.3d 753

Supreme Court of Arkansas
Opinion delivered February 2, 2006

*Bridges, Young, Matthews & Drake, PLC*, by: *Michael J. Dennis*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *John S. Cherry, Jr.* and *D. Keith Fortner*, for appellee.

JIM HANNAH, Chief Justice. Appellant Scipio Johnson appeals from an opinion of the Workers' Compensation Commission concluding that the Commission had no jurisdiction to make a factual determination regarding Johnson's employment status at the time of his work-related injury. This is the second appeal of a case arising from an accident in which a train collided with a truck near Tamo, Arkansas, on June 28, 1995. Johnson was a passenger in the truck and was seriously injured when he was thrown from the vehicle upon impact. He and his wife, Bessie Johnson, filed suit in the Jefferson County Circuit Court against Union Pacific Railroad, Bonds Fertilizer, Inc., and Bonds Brothers, Inc. (the Farm), alleging negligence and a loss of consortium. The circuit court granted partial summary judgment to Union Pacific on the issue of inadequate warning devices. Following a jury trial against the railroad on the remaining issue of negligence, the jury returned a verdict in favor of Union Pacific. Johnson appealed to this court, arguing that the circuit court erred in (1) finding that the claim against Bonds Fertilizer was barred based on the exclusive-remedy provision of the Workers' Compensation Act; and (2) refusing to find that Union Pacific was collaterally estopped from raising the defense of federal preemption on the claim of inadequate warning devices. *See Johnson v. Union Pacific R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003) (*Johnson I*). We affirmed the grant of partial summary judgment in favor of Union Pacific; however, we reversed the grant of summary judgment to Bonds Fertilizer and remanded the matter to the circuit court with leave for Johnson to seek a determination from the Commission as to whether he was performing employment services for Bonds Fertilizer or the Farm on the date of the accident. *See id.*

Thereafter, Johnson sought a determination from the Commission. Appellees Bonds Fertilizer and the Farm argued that the Commission had no jurisdiction to make the determination because the two-year statute of limitations for claims under the Workers' Compensation Act had expired. The Commission's Administrative Law Judge (ALJ) agreed, concluding that since the statute of limitations had run, the Commission had no further jurisdiction in the matter and, additionally, that the Commission was without authority to issue an advisory opinion. In a 2-1 decision, the Commission agreed with the ALJ.

Johnson brings the instant appeal, arguing: (1) that the Commission erred in deciding that the two-year statute of limitations for workers' compensation claims prohibits the Commission

from determining which employer he was working for at the time of his injuries, and (2) that the Commission erred in concluding that in this case, any factual determination made by the Commission would constitute an impermissible advisory opinion. We reverse and remand to the Commission.

### Statute of Limitations

Johnson argues that the Commission erred in concluding that in this case, the statute of limitations for workers' compensation claims, Ark. Code Ann. § 11-9-702 (Repl. 2002), prohibits the Commission from determining whether he was performing employment services for Bonds Fertilizer or the Farm on the date of the accident. This issue presents the court with a matter of statutory interpretation. This court reviews issues of statutory construction de novo, as it is for this court to decide what a statute means. *MacSteel v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 210 S.W.3d 878 (2005). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Id.* When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.* Section 11-9-702 provides in relevant part:

(a) TIME FOR FILING.

(1) A *claim for compensation* for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Workers' Compensation Commission within two (2) years from the date of the compensable injury. If, during the two-year period following the filing of the claim, the claimant receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter.

(b) TIME FOR FILING ADDITIONAL COMPENSATION. (1) In cases where any compensation, including disability or medical, has been paid on account of injury, a *claim for additional compensation* shall be

> barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of injury, whichever is greater.

(Emphasis added.)

Johnson contends that the time requirements set out in § 11-9-702 apply to a *claim for compensation* or a *claim for additional compensation* filed with the Commission, and not to a request for a factual determination. We agree. As correctly noted by the dissenting commissioner, the statute of limitations was inapplicable in this case because Johnson did not seek compensation under the Workers' Compensation Act; rather, Johnson merely sought a factual determination. Appellees would have this court construe the statute to mean that if a litigant wants the Commission to make a ruling on *any* aspect of workers' compensation law, then he or she must request a ruling within the periods prescribed in § 11-9-702. This we will not do. The statute makes no mention of time requirements for factual determinations. This court will not read into a statute a provision that simply was not included by the General Assembly. *See, e.g., MacSteel, supra; Primerica Life Ins. Co. v. Watson*, 362 Ark. 54, 207 S.W.3d 443 (2004).

We hold that the Commission erred in concluding that the statute of limitations for workers' compensation claims prohibits the Commission from determining whether Johnson was performing employment services for Bonds Fertilizer or the Farm on the date of the accident. Because we agree with Johnson that § 11-9-702 did not prohibit the Commission from making a determination, we need not address Johnson's alternative argument that the statute of limitations was tolled by the filing of a civil suit.

### Advisory Opinion

The Commission concluded that once the statute of limitations for claims for compensation expired, it was without authority to exercise any additional jurisdiction in this case. Further, the Commission found that Johnson's request for a factual determination alone, without a claim for benefits under the Workers' Compensation Act, was merely a request for an advisory opinion, which the Commission is without authority to issue. We disagree. As Johnson correctly notes, the Commission is "given and granted full power and authority. . . [t]o. . . make and enter findings of fact and rulings of law." *See* Ark. Code Ann. § 11-9-

207(a)(5) (Repl. 2002). We further disagree with the Commission's finding that a factual determination regarding Johnson's employer at the time of his injury would amount to an advisory opinion. This court has held that the Commission has exclusive, original jurisdiction to determine whether an employee's injuries are covered by the Act. *See Johnson I, supra; WENCO Franchise Mgmt., Inc. v. Chamness,* 341 Ark. 86, 13 S.W.3d 903 (2000); *VanWagoner v. Beverly Enters.,* 334 Ark. 12, 970 S.W.2d 810 (1998). The Commission is not being asked to issue an advisory opinion. That is, the Commission is not being asked to make a determination based on facts not in evidence and events that have not yet occurred. *See, e.g., Tsann Kuen Enters. Co. v. Campbell,* 355 Ark. 110, 129 S.W.3d 822 (2003); *Harris v. City of Little Rock,* 344 Ark. 95, 40 S.W.3d 214 (2001). Nor is the Commission being asked to sit for the purpose of determining speculative and abstract issues of law or laying down rules for future conduct. *Tsan Kuen, supra; Harris, supra.*

Here, all of the facts are in evidence, and the only issue is whether Johnson was providing employment services for Bonds Fertilizer or for the Farm at the time of his injury. Only the Commission has the jurisdiction to make that determination. *See Johnson I, supra; Chamness, supra; VanWagoner, supra.* Moreover, as noted by the dissenting commissioner, the question of Johnson's employment relationship with Bonds Fertilizer and the Farm is not a speculative issue; rather, the resolution of the issue is necessary for the continuation of proceedings in a pending controversy in the circuit court. We hold that the Commission erred in concluding that it did not have the authority to make a factual determination in this case. We further hold that the Commission erred in concluding that Johnson was seeking an impermissible advisory opinion.

Finally, we note that the parties raise additional arguments concerning the issues of waiver and the election-of-remedies doctrine. These issues are not properly before us, as they were not addressed by the Commission. For the foregoing reasons, we reverse and remand this case to the Commission to make a determination as to whether Johnson was performing employment services for Bonds Fertilizer or the Farm on the date of the accident.

Reversed and remanded.