The Honorable Steve Harrelson State Representative 300 North State Line Avenue Texarkana, Arkansas 71854-5926
Dear Representative Harrelson:
I am writing in response to your request for an opinion regarding the timing and frequency of the issuance of new permits to dispense vinous, spirituous, or malt liquor ("Liquor Permits") by the Alcoholic Beverage Control Board (the "ABC Board").
As background for your question, you state that:
 According to the Arkansas Code, the ABC Board has the power to "determine whether public convenience and advantage will be promoted by issuing [Liquor Permits] and by increasing or decreasing the number thereof." Ark. Code Ann. § 3-4-201(b)(1). However, the statute limits the number of Liquor Permits the ABC Board may issue based on the population of a particular area. The number of Liquor Permits is limited to 1 for every 4,000 people residing in a county or political subdivision. Ark. Code Ann. § 3-4-201(c)(1)(A). Population is determined by the most recent United States federal government census figures. Ark. Code Ann. § 3-4-201(c)(1)(B).
 The statute provides for the circumstance of an increase in population documented by the most recent census by allowing one new Liquor Permit to be issued in a county or political subdivision for every additional 4,000 people in the area. Ark. Code Ann. § 3-4-201(c)(2). If it is determined that county or a *Page 2 
political subdivision is entitled to additional Liquor Permits then "prior to the last date for applications" the ABC Board will announce the number of new permits which may be issued in that county or political subdivision.
 Ark. Code Ann. 3-4-208 sets forth the procedure for accepting applications for and issuing Liquor Permits after a census has been taken but it does not mandate that applications be accepted at any set time after the census has occurred. Further, the statute does not provide that the procedure for accepting applications for and issuing Liquor Permits may only occur one time after a new census [has] been taken. . . .
In light of this background, you set forth the "factual scenario" below and pose the question set out immediately succeeding it:
 A regular census is taken and in a particular Arkansas county or political subdivision a population increase has occurred that would support the issuance of an additional 10 Liquor Permits.
 The ABC Board determines that the area may have all the Liquor Permits to which it is entitled based on population and, within a short time (2 to 3 months) after the new census figures become available the Alcoholic Beverage and Control Division solicits applications as set forth in Ark. Code Ann. § 3-4-208.
 Although 10 new Liquor Permits are available for the area, only 3 Liquor Permits are issued, leaving 7 unissued Liquor Permits for the area.
 Based on all of the above, I request your opinion as to the following:
 Whether, in the described scenario where all authorized Liquor Permits were not issued, the Alcoholic Beverage and Control Division and the ABC Board may, in their discretion and at a future date(s), accept additional applications for an issue additional Liquor Permits up [to] the maximum number supported *Page 3 
by the most recent regular census pursuant to the procedures set forth in Ark. Code Ann. § 3-4-208?
RESPONSE
Neither the applicable statutes nor any regulations of the Board expressly address this question. It is my opinion, based upon the language of the applicable statutes that the answer is likely "yes," the Board and the Division may, but are not required to, accept additional applications in this regard.
As you note, the applicable statutes are A.C.A. §§ 3-4-201 and 3-4-208
(Repl. 1996).[1] The first statute provides in relevant part:
 (a) It is declared to be the public policy of the state that the number of permits in this state to dispense vinous (except wines), spirituous, or malt liquor shall be restricted.
 (b) The Alcoholic Beverage Control Board is empowered to determine whether public convenience and advantage will be promoted by issuing the permits and by increasing or decreasing the number thereof; in order to further carry out the policy hereinbefore declared, the number of permits so issued shall be restricted.
 (c) The Alcoholic Beverage Control Board is further given the discretion to determine the number of permits to be granted in each county of this state or within the corporate limits of any municipality of this state to determine the location thereof and the persons to whom they shall be issued, under the following conditions:
 (1)(A) The number of permits allowing the off-premises sale of vinous (except wines), spirituous, or malt liquor in any county or political subdivision which permits the sale shall not exceed a ratio of one (1) permit for every four thousand (4,000) population residing in that county or subdivision. *Page 4 
 (B) Population of the area involved shall be determined by the most recent population figures established in a census by the Bureau of the Census of the United States Department of Commerce or other appropriate governmental subdivision.
 (2) New permits which may be issued in a county or subdivision thereof following a regular census shall be issued under the following restrictions:
 (A) Additional permits may be issued on a ratio of one (1) for every additional four thousand (4,000) population within the area;
 (B) Any qualified applicant may apply for a permit. Qualifications are to be set from time to time by the Alcoholic Beverage Control Board and its determination of the public convenience and advantage.
 (3)(A) If it is determined that a county or political subdivision thereof is entitled to additional permits when warranted by a census, the board will announce prior to the last date for applications the number of new permits, if any, which may be issued therein.
Emphasis added.
The statute above addresses the discretionary power of the Board and the population limits imposed on that discretion.
The second relevant statute, A.C.A. § 3-4-208, focuses on the actual application procedure. It governs the actions of the Alcoholic Beverage Control Division, which operates under the management of the Board.See A.C.A. § 3-2-201(f) (Repl. 1996). It provides in pertinent part as follows:
 (a) Applications for new permits will be accepted by the Alcoholic Beverage Control Division after the publication of new census figures if the applications are warranted within a county or subdivision thereof. *Page 5 
 (b) When it has been determined that new applications are appropriate, the Alcoholic Beverage Control Division shall notify the public at large by legal notice that it will be accepting applications for a particular county or political subdivision thereof.
 (c) Applications will then be accepted from the affected area beginning thirty (30) days after the date of publication, and no applications will be accepted after ninety (90) days of the publication date.
 (d) All applications received from the affected area will then be processed and set for a board meeting. The board meeting shall not be earlier than one hundred fifty (150) days after the publication of the legal notice specified in subsection (b) of this section, nor later than one hundred eighty (180) days after publication.
 (e) No later than fifteen (15) days prior to the hearing, each applicant for a new permit or his agent will be allowed to draw a number between one (1) and a number equal to the number of applicants having filed. The drawing will be conducted by the Director of the Alcoholic Beverage Control Division. Position numbers may not be assigned or transferred.
 (f) At the meeting the applications will be heard in order of the numbers drawn. There will only be as many applications heard as will equal the number of new permits allowed in the county or subdivision thereof.
 (g)(1) If the Alcoholic Beverage Control Board finds that an applicant is qualified and that his or her proposed premises meet the public convenience and advantage of the area in question, then in that event the application will be approved.
 (2) No permit will issue earlier than thirty (30) days subsequent to the determination, or until such time as the board determines it is necessary for final adjudication in the Arkansas courts, of any appeals arising out of such determinations, whichever is longer. *Page 6 
 (h) If the board has denied an application and the decision is not appealed or is upheld on appeal, then additional hearings will be held according to numbers already assigned in accordance with this section.
The basic rule of statutory construction is to give effect to the intent of the General Assembly. Potter v. City of Tontitown, 371 Ark. 200, ___ S.W.3d ___ (2007). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language.Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). The Arkansas Supreme Court will construe a statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. ArkansasPub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, the court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id. In addition, the court will not read into a statute a provision that was not included by the General Assembly. See Potter, supra, citing Johnson v. BondsFertilizer, 365 Ark. 133, 226 S.W.3d 753 (2006).
The applicable statutory scheme invests the Alcoholic Beverage Control Board with discretion in the issuance of the permits, empowering it to "determine whether public convenience and advantage will be promoted by issuing the permits and by increasing or decreasing the number thereof. . . ." A.C.A. § 3-4-201(a). See also, A.C.A. § 3-4-201(c) (giving the Alcoholic Beverage Control Board the "discretion to determine the number of permits to be granted . . . and to determine the location thereof and the persons to whom they shall be issued . . ."). In my opinion this language invests the Board with discretion in the acceptance of applications. As you note, A.C.A. § 3-4-208 does not expressly provide that the procedure for accepting applications occur only one time after a new census is taken. Section 3-4-208(a) above states that such applications "will be accepted . . . if the applications are warranted" within a county or subdivision thereof. In addition, subsection (b) of A.C.A. § 3-4-208 states that: "When it has been determined that new applications are appropriate" the Division shall notify the public that it will be accepting applications. Applicable time lines are detailed in *Page 7 
the statute. Nothing therein, however, indicates that the Board is prohibited from implementing the application process more than once after the census figures have been determined, assuming the population limits of A.C.A. § 3-4-201 and 3-4-208 are not transgressed.
This is not to say, however that the Board is obligated to entertain additional applications. The statutes are clear that permits "may," but need not be issued under the circumstances you describe. See A.C.A. § 3-4-201(c)(2) (referring to "new permits which may be issued following a regular census;" (emphasis added); and A.C.A. § 3-4-201(c)(2)(A) (stating that additional permits "may be issued" on a ratio of one (1) for every additional four thousand population). See also, Carder v.Hemstock, 5 Ark. App. 115, 633 S.W.2d 384 (1982) (stating, under prior law, that the Director and the Board are given broad discretionary powers to decide the number of permits and to issue them only when it is determined that public convenience and advantage would be promoted). In addition, although the Board is required under A.C.A. § 3-4-208(h), where it has denied an application, to move down the list of applicants by their assigned numbers, nothing in this subsection mandates that the Board accept additional applications at a later date, or issue all the permits to which a particular area is entitled.
In my opinion, therefore, the answer to your question is therefore "yes," the Board and the Division have the discretion to accept additional applications at a later date and to issue additional liquor permits up to the maximum number supported by the most recent regular census. It is my understanding, however, that the Board has not historically taken this action. Again, nothing in the applicable statutes requires it to do so.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The Rules and Regulations of the Alcoholic Beverage Control Division do not address the applicable procedure. In my opinion, therefore, the question will turn upon construction of the applicable statutes.

 *Page 1