MIKE MURPHY, Judge
Appellant Walter Farris appeals from the April 20, 2017 opinion of the Arkansas *531 Workers' Compensation Commission (Commission) that found Farris's claim for additional benefits was barred by the statute of limitations. The Commission's opinion affirmed the opinion of the administrative law judge (ALJ). Farris's sole point on appeal is that his claim for additional benefits is not time-barred. We agree and reverse and remand
Farris was injured on the job on May 12, 2014, when a crane fell on him. His employer, Express Services, Inc., initially paid benefits for the injury claim. Farris received medical treatment until he was released to full duty on April 28, 2015.
Farris filed a Form AR-C for additional benefits on May 5, 2016. He incorrectly named Great Dane Trailers as the employer because he mistakenly believed that he worked for Great Dane Trailers since that was the physical location of his employment. In fact, he worked for Express Services, Inc., a temporary-employment agency, but was assigned to Great Dane Trailers. Once he realized the mistake, he filed an amended form AR-C on May 13, 2016. The Commission affirmed and adopted the ALJ's decision that Farris's claim for additional benefits was barred by the statute of limitations. Farris timely appealed.
The only question on appeal is whether Farris's claim for additional benefits is time-barred because he mistakenly named the wrong employer in his otherwise timely filed claim.
Arkansas Code Annotated section 11-9-702(b)(1) governs the time for filing a claim for additional compensation:
In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.
Thus, absent some action that tolled the statute of limitations, Farris's claim for additional compensation had to be filed within one year of April 28, 2015 (the date of the last receipt of medical benefits) or two years from May 12, 2014 (the date of injury). He filed the form AR-C for additional benefits naming the incorrect employer (Great Dane Trailers) on May 5, 2016.[1] He filed the amended form AR-C naming the correct employer (Express Services, Inc.) on May 13, 2016, one day after the statute of limitations had run.
In Dillard v. Benton County Sheriff's Office , 87 Ark. App. 379, 192 S.W.3d 287 (2004), our court considered whether a form that was timely filed but contained a mistake tolled the statute. The mistake in Dillard involved a claimant checking the wrong boxes to indicate the claim was for initial benefits when it should have indicated it was for additional benefits. Our court noted that it was obvious that the claimant intended to file a claim for additional benefits and that "despite the fact that the wrong boxes were checked ... because it was timely filed, [the claim] tolls the statute of limitations." Id.
The employer argues that it was Farris's burden to file the form correctly and that he should have known his employer was Express Services, Inc., not Great Dane Trailers, because he submitted his timesheets to Express Services, Inc., and his paychecks were consistently issued by Express Services, Inc. However, our court has held that the determinative factor is the timeliness of filing of the form and that minor mistakes such as these will not subject *532 the claim to dismissal as long as the initial form was filed before the date when the statute runs. Id.
While Dillard focuses solely on an incorrect checkmark for initial benefits, the underpinning of that case is that a "failure to technically comply with the 'call' of the form" should not be fatal to a claim when it is clear what was intended. Id. at 384, 192 S.W.3d at 291. Our court in Dillard emphasized that mistakes in a claim for additional benefits, especially given the fact that the employer had previously paid benefits to that employee, should not become a case of "form over substance" rendering a claim time-barred. Id.
Likewise, Farris's mistake in his claim form for additional benefits, especially given that Express Services, Inc., had previously paid benefits to him, is a mistake as to form and not as to substance. We hold that the statute of limitations was tolled.
Reversed and remanded.
VIRDEN , HARRISON , WHITEAKER , and BROWN , JJ., agree.
Gruber, C.J., and Gladwin, Klappenbach, and Glover, JJ., dissent.

Farris's initial claim for benefits, dated May 20, 2014, correctly named his employer as Express Services, Inc.