N. Mark Klappenbach, Judge, dissenting.
I would hold that the Commission's decision is supported by substantial evidence. I fail to see how Dillard supports a different result. Dillard v. Benton Cty. Sheriff's Office , 87 Ark. App. 379, 192 S.W.3d 287 (2004). The issue in that case was whether Dillard's timely filed claim for benefits was properly dismissed for lack of prosecution and failed to toll the statute of limitations for subsequently filed claims. This court examined whether Dillard's form requesting initial benefits could be treated as a claim for additional benefits, but we ultimately held that resolution of the appeal was not dependent on how the claim was classified.
Here, the issue is whether naming the wrong employer on a form requesting benefits is sufficient to toll the statute of limitations until a claim is filed naming the proper employer. Even though he had continued to work for Express after his injury, first at its offices and then at another assignment, and had continued to submit time-sheet information to, and receive paychecks from Express, Farris filed a claim for benefits against Great Dane, not Express. He checked all of the boxes requesting both initial benefits and additional benefits. The majority holds that filing a claim naming the wrong employer is a "minor" mistake and a "mistake as to form" that will toll the statute of limitations. However, unlike in Dillard , Farris's mistake was not merely a "failure to technically comply with the 'call' of the form" in an attempt to request additional benefits from Express; instead, he filed a claim requesting initial and additional benefits from a separate entity. It is unclear from the majority opinion for how long such a mistake will toll the statute of limitations or whether the wrongly named employer must be somehow related to the case. Would the majority's decision be the same if Farris had identified a completely unrelated party as his employer or waited years to identify the proper party with no notice to Express? I fail to see how the majority can compare a mistake regarding initial benefits and additional benefits, as in Dillard , to claims against two different employers. A claim against a nonemployer does not toll the statute of limitations for a claim against the responsible employer. Therefore, I dissent.
Gruber, C.J., and Gladwin and Glover, JJ., join.