II. Law and Analysis
For his sole point on appeal, Farris argues that substantial evidence does not support the Commission's decision. Specifically, Farris contends that he timely filed his first additional-benefits form on May 5, 2016, and that his mistake of naming the wrong employer should not bar his claim.
When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence.
*866 Crudup v. Regal Ware, Inc. , 341 Ark. 804, 20 S.W.3d 900 (2000). Substantial evidence exists if fair-minded persons could reach the same conclusion when considering the same facts. Id. , 20 S.W.3d 900. The issue is not whether the appellate court might have reached a different result from the Commission, but rather whether reasonable minds could reach the result found by the Commission. Wallace v. W. Fraser South, Inc. , 365 Ark. 68, 225 S.W.3d 361 (2006). If so, the appellate court must affirm the Commission's decision. Id. , 225 S.W.3d 361.
Further, we review issues of statutory construction de novo because it is this court's duty to decide what a statute means. Johnson v. Bonds Fertilizer, Inc. , 365 Ark. 133, 226 S.W.3d 753 (2006). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Id. , 226 S.W.3d 753. We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Id. , 226 S.W.3d 753. When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Id. , 226 S.W.3d 753. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id. , 226 S.W.3d 753.
Arkansas Code Annotated section 11-9-702 (Repl. 2012) governs the statute of limitations for additional benefits and states in relevant part,
(b) Time for filing additional compensation.
(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.
Ark. Code Ann. § 11-9-702(b)(1). This court has stated that a claimant must prove that he or she acted within the time allowed for filing a claim for additional compensation. Stewart v. Ark. Glass Container , 2010 Ark. 198, 366 S.W.3d 358. Additionally, this court has stated that the running of the statute of limitations is largely a question of fact. Houston Contracting Co. v. Young , 267 Ark. 322, 590 S.W.2d 653 (1979).
According to the plain language of the section 11-9-702(b)(1), Farris's claim for additional compensation "shall be barred" unless he filed it "within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater." Thus, under the statute, Farris was required to file his claim by April 28, 2016, which is one year from April 28, 2015, the "date of the last payment of compensation;"[2] or by May 12, 2016, which is two years from May 12, 2014, the "date of the injury." Id. Because the two-year date "is greater" under *867 section 11-9-702(b), Farris should have filed his form by May 12, 2016. He filed his corrected amended form, dated May 12, 2016, on May 13, 2016-one day late.
Farris cites Dillard , 87 Ark. App. 379, 192 S.W.3d 287, for the proposition that the determinative factor for the statute of limitations is the timeliness of the filing and contends that he timely filed his form on May 5 even though it contained a mistake. In Dillard , the claimant sought additional benefit for permanent total disability, rehabilitation, attorney fees, and medical expenses. On the claim form, Dillard's attorney checked the boxes located under the initial-benefits section instead of checking the boxes under the additional-benefits section. After failing to timely request a hearing, Dillard's employer moved for a dismissal. The ALJ granted the dismissal, and the Commission accepted the ALJ's findings. The court of appeals reversed and remanded and held that a mistake-incorrect checkmarks-on the Form AR-C should not time-bar a timely claim. The court of appeals stated that "Dillard's failure to technically comply with the 'call' of the form" should not be fatal to his claim. Id. at 384-85, 192 S.W.3d at 291. The court of appeals concluded that there was insufficient evidence to support the Commission's finding that Dillard's claim had been properly dismissed, stating that to hold otherwise "[was] a classic example of [putting] form over substance." Id. at 384, 192 S.W.3d at 291.
Dillard is distinguishable from the present case. In Dillard , the claimant filed one timely claim form, but he mistakenly checked the wrong boxes. Here, Farris filed two claim forms. On his May 5 form, Farris did not merely check the wrong box but appeared to have sought additional benefits from Great Dane. On his May 13 form, he corrected his error by adding Express Services as his employer, but he filed it after the two-year period set forth in section 11-9-702(b)(1). Thus, Farris failed to meet his burden of timely filing his additional-benefits claim within the statutory time frame. We hold that the Commission did not err in finding that Farris's claim for additional benefits was barred by the statute of limitations. Accordingly, we affirm the Commission's decision and vacate the court of appeals opinion.
Affirmed; court of appeals opinion vacated.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent. The majority vacates the Court of Appeals' decision without affording its analysis appropriate consideration, simply ignores this court's long-established "relates back" doctrine, and purports to distinguish this matter from existing caselaw that is actually directly on point. This decision amounts to a plain windfall for Appellees.
It is not unusual for this court to simply "vacate the opinion of the court of appeals" when it decides a case after having granted a petition for review of a Court of Appeals' decision, but in the context of a workers' compensation case, this practice cuts against our state constitution and statutory law. True, the Arkansas Constitution provides that the Supreme Court of Arkansas has "statewide appellate jurisdiction" and "general superintending control over all courts of the state[,]" and "shall prescribe the rules of pleading, practice, and procedure for all courts[.]" Ark. Const. Amend. 80 §§ 2, 4, 3. However, Farris has not appealed the decision of a "court," but that of a commission, *868 specifically the Arkansas Workers' Compensation Commission (AWCC).
This matters, as our Constitution treats workers' compensation claims differently from traditional claims that are brought and decided entirely in a court of law, i.e., within the context of the judicial branch of State government. Instead, the Constitution specifically excepts workers' compensation claims from the general sort and places them within the purview of the legislature. "The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same." Ark. Const. Art. 5 § 32 (emphasis added). Significantly, the laws enacted by the legislature pursuant to Art. 5 § 32 now provide that the Arkansas Court of Appeals shall be the forum for an appeal of an AWCC decision. Ark. Code Ann. § 11-9-711(b).
In other words, the authority for judicial review of most workers' compensation claims comes not directly from our constitution (from which this court gleans its authority to prescribe rules, including the rules governing petitions for review of decisions by the Court of Appeals), but from the laws enacted by the General Assembly. Those laws say a workers' compensation appeal goes to the Court of Appeals. Moreover, no law enacted by the General Assembly provides for this court to supplant a decision by the Court of Appeals in a workers' compensation case. For these reasons, it is not even apparent that we have jurisdiction over the present matter, which does not feature any constitutional issue or other significant circumstance that might independently invoke this court's jurisdiction. Perhaps support for this court's review of the Court of Appeals' decision can be found within the "superintending control" conferred by Amendment 80 § 4, but any such review must comport with a constitutionally acceptable procedure and standard of review.
In short, I have definite reservations about simply casting the Court of Appeals' decision aside without greater consideration and deference. However, regardless of what the standard of review should be in the present matter, it is plain that the Court of Appeals got this case right, and the majority here is getting it wrong.
To be clear, Farris did file his claim for additional benefits with the Arkansas Workers' Compensation Commission (AWCC) within the two-year window prescribed by Ark. Code Ann. § 11-9-702(b)(1) (Repl. 2012). Two years from the date of Farris's injury was May 12, 2016, and Farris filed his AR-C form for additional benefits a week beforehand on May 5, 2016. This was, of course, after Appellees had already received notice that Farris's injury had occurred, acknowledged that Farris's injury was compensable, and even paid Farris initial benefits for that injury. The record is replete with contemporaneous documentation of these facts, including documentation that Appellees generated themselves and filed with AWCC long before Farris filed his AR-C form. Even so, the majority opines that, because Farris mistakenly listed Great Dane Trailers as his employer when he filed his AR-C form, and because that mistake was not corrected until May 13, 2016 (one day after the two-year limitation would have expired), Farris's claim for additional benefits is barred by the statute of limitations. The majority is incorrect.
The May 13 amendment to Farris's AR-C form relates back to the May 5 filing date, and the majority's decision to the contrary entirely disregards decades'
*869 worth of this court's jurisprudence. For example, in Southwestern Bell Telephone Co. v. Blastech, Inc. , this court observed,
When an amendment changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, it may relate back to the time of filing of the original complaint. Relation back is dependent upon proof of four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
313 Ark. 202, 205, 852 S.W.2d 813, 814-15 (1993) (citing Harvill v. Cmty. Methodist Hosp. Ass'n , 302 Ark. 39, 786 S.W.2d 577 (1990) ). As set forth above, there can be no legitimate dispute that all four requirements are satisfied in this instance. The amendment relates back.
Moreover, the Arkansas Court of Appeals has already held that a mistake on an AR-C form for additional benefits does not bear upon its timeliness, as it is the filing of the form itself that tolls the applicable limitations period. Dillard v. Benton Cty. Sheriff's Office , 87 Ark. App. 379, 192 S.W.3d 287 (2004).[3] The majority's nominal effort to distinguish Dillard is entirely unconvincing. As would have been the case in Dillard , barring Farris's claim in this instance is "a classic example of putting form over substance." Id. at 384, 192 S.W.3d at 291.
I dissent.

This court has held that "the date of the last payment of compensation" under section 11-9-702(b) means "the date of the last furnishing of medical services." Plante v. Tyson Foods, Inc. , 319 Ark. 126, 129, 890 S.W.2d 253, 255 (1994) (citing Superior Fed. Sav. & Loan Ass'n v. Shelby , 265 Ark. 599, 580 S.W.2d 201 (1979) ). Express Services paid the fee associated with the April 28, 2015 visit on June 4, 2015. However, we acknowledge the April 28 date because it constitutes the date of the last furnishing of medical services by Dr. Schechter.

There, our court of appeals observed,
[I]f the claim is classified as a claim for "additional" benefits (despite the fact that the wrong boxes were checked) then the claim, because it was timely filed, tolls the statute of limitations. This tolling is based on this court's observation that "[i]f the statute is not tolled when the claimant files a claim for additional benefits, what could possibly toll the statute? We prefer to think that the statute means what its plain language implies."
Dillard , 87 Ark. App. at 384, 192 S.W.3d at 290-90 (internal citations omitted).