Cite as 2020 Ark. 140

# SUPREME COURT OF ARKANSAS

No. CV-19-148

| | |
|---|---|
| | Opinion Delivered: April 16, 2020 |
| WHITE COUNTY JUDGE AND ASSOCIATION OF ARKANSAS COUNTIES RISK MANAGEMENT SERVICES <br> APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION <br> [NO. G309930] |
| V. | |
| BRUCE MENSER <br> APPELLEE | REVERSED; COURT OF APPEALS OPINION VACATED. |

**JOHN DAN KEMP, Chief Justice**

Appellants White County Judge and Association of Arkansas Counties Risk Management Services appeal the Arkansas Workers' Compensation Commission's decision affirming and adopting the findings of the administrative law judge (ALJ) awarding an additional-benefits claim to appellee Bruce Menser. For reversal, appellants argue that (1) the statute of limitations, pursuant to Arkansas Code Annotated section 11-9-702 (Repl. 2012), bars Menser's claim, and (2) substantial evidence does not support the Commission's findings that Menser sustained compensable brain and neuropathy injuries. We reverse and vacate the opinion of the court of appeals.

## I. *Facts*

Menser, who was forty years old at the time of his injuries, was employed as a patrol deputy for the White County Sheriff's Department. On December 16, 2013, as he sat in

his patrol car and talked to his wife on the phone, he noticed that something was wrong and that he had a severe headache. He attempted to return to the sheriff's office, but was unable to do so, and drove to a nearby gas station. He parked his vehicle, contacted Sergeant Kevin Smith, and told him that he felt numb and was unable to drive. When Smith arrived at the scene, Menser tried to get some fresh air outside the vehicle. He gave Smith his weapon, sat in Smith's car, and told Smith that he was having difficulty breathing and needed to go to the hospital. Emergency personnel arrived at the scene and took Menser to the White County Medical Center. The emergency-responder record stated, "Patient has strong smell of rotten eggs on his clothes and noticeable smell around vehicle." That evening, he was treated at the hospital for possible carbon monoxide poisoning and was released.

Menser returned to the hospital the next day because his symptoms had worsened. He presented with severe wheezing, shortness of breath, and a headache. He was diagnosed with having chemical pneumonitis and was treated with intravenous steroids and updrafts. X-rays and additional tests revealed normal findings. On December 21, 2013, Menser was discharged at his own request.

After his hospitalization, Menser went to the sheriff's department to retrieve his personal belongings. When he opened the trunk of his police car where the vehicle's battery was located, Menser noticed a white residue in the wheel area and on a new battery that had recently been installed. Menser saw scorch marks on the battery cover, and it

appeared that the battery had been on fire. The battery's contents had leaked onto the floor of the trunk.

On December 20, 2013, the insurance carrier filed Form AR-1, which is the employer's "First Report of Injury or Illness," with the Commission. Menser's employer's representative and the insurance adjuster signed the form. That day, the insurance carrier also filed Form AR-2, "Employer's Intent to Accept or Controvert Claim," and listed the claim as "accepted as compensable." Menser never filed a Form AR-C requesting any compensation because appellants had listed the claim as compensable on Form AR-2 and already had begun making payments. According to Kim Nash, the insurance adjuster, the insurance carrier later decided to controvert the claim in its entirety and suspend all compensation. The last medical benefit was paid on March 26, 2014, and the last indemnity benefit was paid on April 21, 2014. By that time, the insurance carrier had paid $25,136.45 in medical and indemnity benefits.

On July 11, 2014, Menser's attorney, John Ogles, submitted a request to set a hearing on medical benefits. The letter read,

Re: Bruce Menser v. White County Sheriff's Department, WCC File No. G309930

Dear Ms. Washington:

Please set this case for a hearing on medical benefits and TTD [temporary total disability]. I am reserving the issue of PTD [permanent total disability].

. . . .

/s/ John Ogles, Attorney

3

In a prehearing questionnaire, Ogles specified that he wished to litigate compensability, rehabilitation, wage loss, and a controverted attorney's fee. Appellants filed their response and denied the claim in its entirety. On September 15, 2014, the ALJ filed a prehearing order and listed the issues to be presented at the hearing as compensability, temporary total-disability compensation, medical benefits, and attorney's fees. The ALJ continued the hearing scheduled for November 17, 2014, and the file was returned to the Commission's general files.

Throughout this time, Menser continued to receive medical treatment, and on December 19, 2016, Menser's counsel renewed his request for a hearing via email to the clerk of the Commission. On February 6, 2017, the ALJ entered a prehearing order setting a hearing for April 6, 2017, and determining that the issues would include (1) whether the statute of limitations barred the claim; (2) whether Menser sustained a compensable injury; (3) whether Menser was entitled to reasonable and necessary medical treatment; and (4) whether appellants were entitled to a credit because of Menser's alleged failure to notify them prior to settling a third-party claim under Arkansas Code Annotated section 11-9-410 (Repl. 2012).

On July 5, 2017, the ALJ entered an opinion finding, *inter alia*, that Menser sustained compensable brain and neuropathy injuries and that the statute of limitations did not bar the claim because it had been tolled by Ogles's letter. Appellants appealed to the Commission. On November 3, 2017, the Commission filed its opinion affirming and adopting the ALJ's decision. The Commission found that Menser never filed a Form AR-C

4

but that Menser's counsel had filed a letter with the Commission on July 11, 2014, that sufficiently constituted a claim for additional medical benefits within the requisite two-year statutory period. The Commission also found that Menser had not proved compensable injuries for fibromyalgia, joint pain, a pulmonary injury, anxiety, or memory loss and confusion. Appellants appealed to the court of appeals, which remanded the case to determine whether Menser's letter to the Commission was timely filed. *See White Cty. Judge v. Menser*, 2018 Ark. App. 297, 549 S.W.3d 416.

On August 8, 2018, the ALJ filed an amended and supplemental opinion finding that the ALJ's September 15, 2014 prehearing order—not counsel's letter—sufficiently stated Menser's claim for additional medical benefits pursuant to section 11-9-702. The ALJ amended the finding on the statute-of-limitations issue but noted that the remainder of his July 5 opinion was unchanged. The Commission affirmed and adopted the ALJ's findings. Appellants appealed to the court of appeals, which affirmed the Commission's decision and held that (1) the claim for additional medical benefits was sufficiently supported by the language in the ALJ's prehearing order; (2) the ALJ's act of returning Menser's file to the Commission's general files after granting a continuance was not an action on the claim and did not stop the tolling of the statute of limitations; and (3) the evidence was sufficient to support the Commission's finding that Menser suffered compensable brain and neuropathy injuries. *See White Cty. Judge v. Menser*, 2019 Ark. App. 523, 589 S.W.3d 384.

5

On January 23, 2020, our court accepted appellants' petition for review. When we grant review of a decision by the court of appeals, we review the case as though the appeal was originally filed in this court. *See Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008).

## II. *Arguments*

### A. Statute of Limitations

Appellants argue that Menser's claim for additional benefits is barred by the statute of limitations pursuant to Arkansas Code Annotated section 11-9-702(b)(1) and (c). Specifically, appellants contend that the Commission erroneously affirmed and adopted the ALJ's September 15, 2014 order that tolled the statute of limitations for additional benefits. Appellants assert that the statute of limitations bars Menser's claim because he never formally requested additional benefits.

When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000). We consider both the ALJ's opinion and the Commission's majority opinion. *Id.*, 20 S.W.3d 280. When the Commission denies benefits because a claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.*, 20 S.W.3d 280. We view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*, 20

6

S.W.3d 280. The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds could reach the Commission's conclusion. *Id.*, 20 S.W.3d 280. We defer to the Commission on issues involving credibility and the weight of the evidence. *Id.*, 20 S.W.3d 280.

This appeal concerns the construction and application of Arkansas Code Annotated section 11-9-702 (Repl. 2012). The question of the correct interpretation and application of an Arkansas statute is a question of law, which we decide de novo. *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. This court decides what a statute means. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). When we construe the workers'-compensation statutes, we must strictly construe them. *Id.*, 283 S.W.3d 209; Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2012). Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). The doctrine of strict construction requires this court to use the plain meaning of the language employed. *Id.*, 26 S.W.3d 771.

The issue is whether Menser filed a timely request for additional benefits. The time limitations for requesting additional workers'-compensation benefits are set forth in Arkansas Code Annotated section 11-9-702, which provides, in pertinent part,

(b) TIME FOR FILING ADDITIONAL COMPENSATION.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last

7

payment of compensation or two (2) years from the date of the injury, whichever is greater.

. . . .

(c) A claim for additional compensation must specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.

Ark. Code Ann. 11-9-702(b)(1), (c). This court has stated that a claimant must prove that he acted within the time allowed for filing a claim for additional compensation. *Stewart v. Ark. Glass Container*, 2010 Ark. 198, 366 S.W.3d 358.

This court follows a strict-construction interpretation of section 11-9-702. In *Farris v. Express Services, Inc.*, 2019 Ark. 141, 572 S.W.3d 863, Farris sought additional benefits, which the Commission denied. He filed a corrected amended form for additional benefits one day late. We concluded that Farris failed to meet his burden of timely filing his additional-benefits claim within the statutory time frame and held that the Commission did not err in finding that his claim for additional benefits was barred by the statute of limitations. *Id.* at 6, 572 S.W.3d at 867; *see also Stewart*, 2010 Ark. 198, 366 S.W.3d 358 (holding that Stewart's claim was untimely because he failed to file within the statutory period and the statute of limitations had not tolled).

Under a strict-construction interpretation of section 11-9-702(b)(1), absent some action that tolled the statute of limitations, any claim for additional compensation "shall be barred" unless a claimant filed it "within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater." Thus,

8

in this instance, Menser was required to file a claim for additional benefits by April 21, 2015, which is "one year from the date of the last payment of compensation"; or by December 16, 2015, which is two years from the "date of injury" on December 16, 2013. Because the two-year date "is greater" under section 11-9-702(b)(1), Menser should have filed for additional benefits by December 16, 2015. Further, under section 11-9-702(c), Menser should have filed a claim that "specifically state[d] that it [was] a claim for additional compensation." Any other documentation without "specifically request[ing] additional benefits *shall not be considered a claim for additional compensation.*" Ark. Code Ann. § 11-9-702(c) (emphasis added). The word *shall* means mandatory compliance unless it would lead to an absurd result. *Vaughn v. Mercy Clinic Ft. Smith Communities*, 2019 Ark. 329, 587 S.W.3d 216.

Here, Menser's claim for additional benefits is barred by the statute of limitations, set forth in section 11-9-702, for the following reasons. First, the record demonstrates that Menser failed to file for additional benefits by December 16, 2015. In fact, Menser never formally filed a Form AR-C "Claim for Compensation" for additional benefits after his injury occurred on December 16, 2013. This fact distinguishes Menser's situation from that of the claimants in *Dillard v. Benton County Sheriff's Office*, 87 Ark. App. 379, 192 S.W.3d 287 (2004) (holding that Dillard's incorrect checkmarks on the Form AR-C did not time-bar his claim), and *Nabholz Construction Corporation v. White*, 2015 Ark. App. 102 (holding that White had checked every box on the Form AR-C, including boxes for additional benefits).

9

Second, the ALJ's September 15, 2014 prehearing order on which the ALJ relied to support his finding does not contain the specific language required by section 11-9-702(c). The order stated the following:

## STIPULATIONS

By agreement of the parties, the stipulations applicable to this claim are as follows:

1. The Arkansas Workers' Compensation Commission has jurisdiction of the within claim.
2. The employee-employer-insurance carrier relationship existed at all relevant times, including on December 16, 2013.
3. The claimant's compensation rates are $472/354.
4. This claim has been controverted in its entirety, *even though some benefits have been paid*.
5. All issues not litigated here are reserved under the Arkansas Workers' Compensation Act.

## ISSUES

By agreement of the parties, the issues to be presented at the hearing are as follows:

1. Compensability.
2. Temporary total disability compensation—dates to be provided.
3. *Medical benefits*.
4. Attorney fees.

(Emphasis added.) Nowhere in the September 15, 2014 prehearing order does the language specifically request a claim for additional benefits in accordance with section 11-9-702(c). Thus, based on our strict interpretation of section 11-9-702(c), we conclude that the ALJ's prehearing order shall not be considered a claim for additional compensation. We hold that the Commission erred in determining that Menser's claim for additional medical

10

benefits sufficiently tolled the statute of limitations. To the extent that Arkansas case law does not comport with this holding, those cases are overruled. Accordingly, we reverse.

B. Compensability

Because we hold that Menser's additional-benefits claim is time-barred by the statute of limitations, we do not address appellants' final point that the Commission's decision that Menser suffered compensable injuries is not supported by substantial evidence. *See, e.g.*, *Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996).

Reversed; court of appeals opinion vacated.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** At the time Mr. Menser requested a hearing before the Commission, he was receiving workers' compensation benefits. There was no break in his receiving treatment, and by all indications, Mr. Menser was still in his healing period. Accordingly, the issue was not whether he should receive *additional* benefits, but whether further treatment was *reasonable and necessary*. The Commission decided that some of Mr. Menser's requested treatment was not causally related to his work injury and so found.

Regarding the tolling of the statute of limitations, the Commission found that the ALJ's prehearing order satisfied the requirements of Arkansas Code Annotated section 11-9-702. Section 11-9-702(d) merely concerns notice of intent to seek additional benefits. The employer is not arguing that it was surprised by the claim, only that the paperwork was not in order. The Commission essentially found that the employer had sufficient notice,

11

which allowed it to contest Mr. Menser's treatment with its own experts. The majority should be aware that the standard of review for this finding is substantial evidence, not de novo.

Additionally, while I believe that substantial evidence supports the Commission's finding that Mr. Menser's injury was compensable, I disagree with the majority's conclusion that it need not be addressed. While the majority has apparently concluded that Mr. Menser has gotten enough, the issue of compensability carries with it a determination of whether he was entitled to *any* benefits. It is not a matter that is subsumed by the statute-of-limitations issue.

I dissent.

*Jason M. Ryburn*, for appellant.

*Gary Davis*, for appellee.